# CHANEY, EX PARTE.

1. The fortieth section of the 8th chapter of the Penal Code, which declares that no person charged with an offence capitally punished, shall, as a matter of right, be admitted to bail when he is not tried at the term of the Court at which he was first triable, if the failure to try proceeded from the non-attendance of the State's witnesses, "Where an affidavit is made, satisfactorily accounting for their absence," does not make it imperative upon this or any other Court, to admit the accused to bail, because such an affidavit was not made and acted on by the Court in which the indictment is pending; but it is competent for the Judge or Court which directs the prisoner to be brought up on *habeas corpus*, to allow the affidavit to be made.

2. It is competent for this Court, under the constitutional provision, which gives it "a general superintendence and control of inferior jurisdictions," to award a writ of *habeas corpus* upon the refusal of a Judge of the Circuit Court, or Chancellor sitting in vacation, or in term time, and to hear and decide upon the application for the prisoner's release, or adopt such course of proceeding as would make its control complete.

Chaney, ex parte.

3. It is allowable for a Judge of the Circuit Court, or Chancellor, in vacation, to award a writ of *habeas corpus,* in a 'capital case, though the accused was, by order made in term time, committed to jail.

The petitioner was indicted for murder at the February term of the Circuit Court of Mobile, holden the present year, and upon his application, the venue was changed to the Circuit Court of Clarke, and the cause transferred accordingly. At the last term of the Court holden for Clarke, the Solicitor was called on to say whether he was ready to proceed with the trial of the petitioner, and answered in the negative. Thereupon he moved to continue the case until the next term, and in support of his motion, read to the Court a written statement, setting forth the names of several witnesses; the most of whom had been summoned, were known to be material, but not in attendance, though it was believed their presence could be procured at the next term. This statement was not verified, nor " required to be sworn to by the Court, or the counsel for the accused." The petititioner's counsel announced his readiness for trial, and opposed a continuance, but they were overruled by the Court, and the cause continued. Afterwards, on the last day of the term, " the prisoner, at the request of his counsel, was brought into Court, when they submitted a motion to admit the prisoner to bail, in conformity with the Constitution and Laws of this State; which motion being argued by counsel, and fully considered by the Court, was refused, and the prisoner remanded to jail. But the Court, considering the questions of law arising on said motion as novel and difficult, and at the request of the prisoner's counsel, referred the same to the Supreme Court for its revision,"

The petitioner has made known the foregoing facts to this Court by the production of the record, and prays that he may be brought up on *habeas corpus;* or that such proceedings may be had as shall result in his release from imprisonment, upon entering into a recognizance with sureties; conditioned for his appearance at the next term of the Circuit Court of Clarke.

J. Gayle and A. F. Hopkins for petitioner.
Attorney-General for the State.

COLLIER, C. J.—It is conceded that it was competent for
54

the Court, in its discretion, to continue this cause at the instance of the State, upon the statement made by the Solicitor ; and that whether the discretion was wisely exercised or not, the decision upon the continuance could not be revised. The only question presented, is, whether the facts disclosed in the record entitle the petitioner to be discharged on bail ; and the solution of this question depends upon the construction of the fortieth section of the eighth chapter of the "Penal Code." [Clay's Dig. 444.] This section declares that "No person charged with the commission of an offence capitally punished, shall be admitted to bail as a matter of right, when he is not tried at the first term of the Court, at which he was properly triable, if the failure to try his case proceeded from the non-attendance of the State's witnesses, where an affidavit is made satisfactorily accounting for their absence," &c.

This provision very strongly implies that one charged with an offence of the grade to which it refers, shall be discharged on bail, if not tried at the first term when he is triable, in consequence of the non-attendance of the State's witnesses ; unless their absence is accounted for by affidavit; and when considered in reference to the pre-existing enactments of 1807 and 1827, this implication is as conclusive as a positive declaration. These latter enactments made it imperative upon the Court to discharge the prisoner on bail, *upon the last day of the term*, where the affidavit was not made. [Ex parte Simonton, 9 Porter's Reports, 390.]

The act in question was intended, and did very essentially modify the two preceding statutes, not only in the particular in which we have noticed them, but also in other respects, While the acts of 1807 and 1827 entitled the prisoner to bail, *on the last day of the Court*, where he was not tried at the first term, in all cases, unless the continuance was the consequence of the absence of the witnesses for the prosecution, the modification merely declares that he shall not be admitted to bail, as a matter of right, on account of the absence of witnesses, where the affidavit is made. But no time is prescribed within which the affidavit is to be made, and there is nothing in the language employed, indicating that it may not be made after the adjournment of the Court, and we cannot doubt but such a statement may be verified any time before the prisoner is actually discharged on bail.

We are by no means certain that it can be intended from the transcript before us, that the affidavit was not made upon the application for the prisoner's discharge; but it is needless to consider this question, as it is perfectly clear that the order of reference by the Circuit Judge does not authorize this Court to revise his judgment as on appeal. The statute, which gives us jurisdiction of questions referred as novel and difficult, does not confer the power to adjudicate points thus referred, until the cause is disposed of in the primary Court. But in virtue of the constitutional provision which gives us "a general superintendence and control of inferior jurisdictions," it is competent for this Court, upon the refusal of a Judge of the Circuit Court or Chancellor, sitting in term time or vacation, to award a writ of *habeas corpus*, and hear and decide upon the application for the prisoner's release, or adopt such course of proceeding as would make its control complete. We might, upon the showing made, if we judged it a proper case, direct the petitioner to be brought here, but this would afford him no legal-advantage which he cannot otherwise obtain; as the provision of the "Penal Code" would make it our duty to receive the affidavit (should one be tendered) and remand the prisoner. If a *habeas corpus* were issued returnable to this Court, it would occasion an unnecessary accumulation of costs, and increase the facility of escape. We therefore think it best to deny the writ; and that the prisoner may not be prejudiced, would again remark, that it is competent for the Judge of the Circuit Court, or Chancellor, notwithstanding the decision at the Circuit, to issue a *habeas corpus* to bring before him the body of the prisoner, and if the affidavit contemplated, is not made, to admit him to bail. Upon an application, duly made, to either of the judicial officers we have named, they will award the writ, and dispose of the prisoner as we have indicated, would be proper.