Ex Parte CAMPBELL.

I. Where a prisoner moves the Circuit Court for bail, and the court proceeds to examine fully the facts and circumstances attending the commission of the alleged offence, it is not error to refuse to permit the prisoner, after having submitted all the evidence, to withdraw his motion, since the State, as well as the prisoner, is interested in it. It is the duty of the court to proceed with the case, and either bail the prisoner, and thereby rid the State of the expense of his custody, or remand him, as the facts may require.

2. When an application for *habeas corpus* is made, to obtain the petitioner's discharge on bail, on account of a continuance of his case by the State upon the unsworn statement of the prosecutor, if the statement is reduced to writing and sworn to at the time the application it is made, is an answer to the application, and justifies the court in refusing the writ.

3. Where the record of the court shows that the facts and circumstances, attending the commission of the offence with which a prisoner is charged, have been fully inquired into, on an application by the prisoner for bail, the court, although not bound to bound to do so, may well decline to hear another application based on the same facts.

4. Although the writ of *habeas corpus* is a writ of right, yet the courts will not grant it, unless the party applying for it shows such a state of facts as entitles him to relief.

5. Notwithstanding a judgment refusing a discharge, upon an application for bail, does not conclude the party from again applying, yet it is within the sound discretion of the court, after having fully examined the facts and circumstances on the previous application, whether it will retry them upon a renewed application, or repose upon its former judgment; and this discretion will not be controlled by *mandamus*.

A. J. Walker, an attorney of this court, submitted a motion in behalf of James H. Campbell, accompanied by the record of the proceedings had in the Circuit Court of Cherokee county, for a writ of *habeas corpus*, for the purpose of obtaining bail for the prisoner, who is confined, as the record discloses, upon a charge of the murder of one Martha Garett.

It appears that after the indictment was found, and the prisoner had been arrested, and was present in court, the solicitor continued the cause upon the unsworn statement of the prosecutor, which was received by the court, the prisoner making no objection to thus receiving it. (It was, however, consented by the solicitors engaged in the cause in this court, that the statement might be considered as taken in writing, and sworn to by the prosecutor.)

6

The prisoner then moved for bail, and thereupon the court proceeded to examine the witnesses on the part of the State, as well as those on behalf of the defendant, touching the guilt or innocence of the said defendant; and after hearing all the evidence on both sides, and after due consideration, it was adjudged by the court that the defendant was not entitled to bail. It appears that after all the evidence had been submitted to the Circuit Judge, and he had adjourned for the day, before the court convened the next morning the judge had announced to the counsel for the prisoner his opinion, that the facts of the case did not entitle the prisoner to bail. The counsel, as soon as the minutes were read next morning, and before the judge had delivered his opinion in the cause, moved to withdraw his motion, which being opposed by the solicitor on the part of the State, the judge refused leave to withdraw, and went on to deny the bail.

On the last day of the term of the court, the prisoner renewed his application for bail, as matter of right, upon the ground that the State had continued the cause upon the unsworn statement of the prosecutor. This motion was also overruled by the court.

At the next term of the court, the prisoner renewed his motion for bail, and desired the court to re-examine the facts and circumstances of his case, so as to determine whether they did not entitle him to this privilege; but refused to say that he expected to offer any other testimony, than that which had been previously passed upon by the court. The court, thereupon, declined to hear this motion.

It was consented between Mr. Walker, on behalf of the prisoner, and the Attorney General, that a motion for a *mandamus*, to require the judge to hear the application last refused, should be considered as made, and both motions were argued together, by consent.

Mr. WALKER, for the prisoner.

1. There being no other legal remedy, *mandamus* is the appropriate one. As far as the refusal of the presiding judge at the fall term, 1851, to hear the application for a discharge upon bail, is concerned, a petition to this court for a *habeas corpus* is not the proper remedy, because it is necessary

to show in the petition for *habeas corpus,* that the accused was entitled by the *case made before the* inferior tribunal, to the relief which he sought. This could not be done, because the court refused to permit any case to be made before it, and in effect repudiated all jurisdiction over it.—Croom & May, *ex parte,* 19 Ala. Rep. 561; 17 ib. 530; 13 ib. 320; 13 ib. 805.

2. The calling upon the counsel to state whether they expected to make proof, additional to that adduced on the former application, is totally indefensible. The jurisdiction of a court can not be made to rest upon the basis of a verbal declaration at the bar, that additional proof will, or will not be adduced. To make the right of an accused individual to an examination into the " facts and circumstances " of his case, with a view to his discharge on bail, depend upon such declarations, imposes upon the judge the duty of determining, without hearing it, the weight and credibility of proof, and of guessing whether it will or will not be contradicted.

3. The decision of the prior court at spring term, 1851, that the case of the accused was not bailable, was not conclusive upon, and did not estop the subsequent court.—8 Ala. Rep. 424; 6 John. 426–7; 2 Southard, 555; 2 Yeates, 539.

4. If the decision of a court refusing to discharge upon bail be a conclusive judgment, precluding the jurisdiction of other courts upon the same question, it follows that any other adjudication on the subject of bail must be equally conclusive, and it would be incompetent for a subsequent court to increase or reduce the amount of a recognizance or bail bond, or to decide that the securities received by the former court were insufficient, and that the accused should give additional security.

5. If the decision of the first judge were not conclusive of the rights of the accused, the judge last acting on the subject could not make that decision the exclusive basis of his determination. The doing so substitutes the judgment of another for that of the person whom the law calls upon to decide. If the decision of the first judge be entitled to consideration, because the application for bail is addressed to the discretionary power of the court, then that decison should be regarded in connection with the evidence, as a *persuasive* argument; but if the discretion of the judge is controlled alone

by the former decision, it makes the liberty of the accused depend upon a *guess*, and not upon discretion.

6. Every person has the right to apply for *habeas corpus*, and it is the *duty* of the officer to whom application is made, to issue it; and it is also the *duty* of the officer before whom the writ is returned, to inquire into the facts and circumstances of the case.—Clay's Dig. 462, § 4; ib. 469, § 40.

7. If a decision *refusing* to discharge upon bail be conclusive,—a decision discharging upon *habeas corpus* must be conclusive. The legislature did not regard a discharge upon *habeas corpus* as conclusive, as is shown by the enactment of a law guarding against the re-imprisonment of one discharged on *habeas corpus*, except in a certain contingency. It could not have been the intention of the legislature to make a decision against the accused conclusive, when they did not regard a decision in his favor as conclusive.—Clay's Dig. 469, § 41.

8. Campbell had a right to withdraw his application for discharge upon bail, at any time before the decision was announced, and the court could not deprive him of that right. The application put the jurisdiction of the court in motion, and the application being withdrawn, the jurisdiction must cease. The knowledge of the judge, acquired out of the court house, *extra judicially*, could not be made the basis of *judicial* action by which the rights of the accused were materially affected. The only medium through which a court can ascertain the facts is sworn testimony, and no judicial action can be predicated upon the knowledge of a fact, which the individual happening to preside as a judge may have.— 9 Watts & S. 153; 8 B. Monroe, 285; 8 ib. 225.

9. It was not the design of the legislature to admit the making the affidavit accounting for the absence of the witness, whose non-attendance causes the State to continue, to be made *after the continuance*. The effect of construing the statute, as is done in *ex parte* Chaney, *supra*, is to substitute the judgment of the officer, before whom the *habeas corpus* is returned, for the judgment of the court continuing the cause. The accused is entitled to have the affidavit passed upon by the court which continues the cause, and it is indefensible that the question, whether the affidavit accounts satisfactorily

for the absence of the witness, should be referred to another. One design of the statute was, to protect the accused from improper continuances on the part of the State, and when it is decided that the affidavit may be made after the continuance, the statute ceases to affor 1 that protection, and only guards the liberty of the citizen.

M. A. BALDWIN, Attorney General; with whom was,

L. E. PARSONS, *contra:*

*Per curiam.*—We are of opinion that the Circuit Judge might well refuse leave to withdraw the motion for bail, having fully examined all the facts and circumstances of the case. It was a question in which the State, as well as the prisoner, was interested, and although the inquiry was begun upon the application of the prisoner, the State was in effect the plaintiff party, and it was the duty of the judge, having fully examined into all the facts and circumstances of the case, to proceed and admit the prisoner to bail, thus ridding the State of the expense of his custody, or remand him to prison, denying bail, as the facts and circumstances required.

We are further of opinion that both these motions must be denied. The first, which is for a *habeas corpus*, upon the ground that the affidavit upon which the continuance was granted, has been supplied by the argreement of counsel, and this, under the previous decision of this court in *ex parte* Chaney, 8 Ala. Rep. 424, deprives the prisoner of the right to bail, growing out of a continuance for want of such written affidavit. The second motion, which is for a *mandamus*, cannot be allowed; because the court, having previously examined fully into all the facts and circumstances of the case, was not bound to re-investigate the facts and circumstances, but might well repose on its previous decision made upon such full investigation. We will not say, the former adjudication was conclusive upon the party's right to bail, as arising out of the facts. On the contrary, we think it was not, and that it would have been competent for the court, even upon the same facts, to have admitted to bail, if he had been satisfied that the former conclusion attained upon the evidence was erroneous. But he was not compelled to re-try the facts, as

often as the prisoner chose to renew his application. It was, at most, a matter of sound discretion, and we think this record shows that he exercised it properly. The case of *ex parte* Lawrence (5 Binney's Rep. 304) holds, that the court is not even bound to grant a *habeas corpus*, where the case has already been heard upon the same evidence by another court. It is, however, added, that they do not wish to be understood as saying the court had not the power to issue the writ, if it had thought it expedient to do so. The case before us does not require us to go the length of that case; for here, the motions for bail were made in the same court, and the records of that court showed that the merits of the application sought to be renewed had been fully determined upon, and no reason was shown why it should be renewed. In applications for writs of *habeas corpus*, if the prisoner or petitioner make out a case which entitles him to his discharge, then the writ is matter of right; but if he shows, by the case which he makes in his application for the writ, that he is not entitled to relief, the writ will be denied; for it were useless to go through the ceremony of granting the writ, and having the party brought before the court, merely to be remanded back to the custody out of which he prays a discharge. See on this point, *ex parte* Croom and May, 19 Ala. 561. In this case, the record accompanying the applications shows that they should be denied.

Motions denied.