## Ex Parte MAHONE.

[APPLICATION FOR MANDAMUS TO COMPEL HEARING ON HABEAS CORPUS.]

1. *Right to be heard on habeas corpus.*—A prisoner, in custody under a warrant of commitment from a magistrate, before indictment found, has a right, when brought on *habeas corpus* before a proper officer, to demand that such officer shall hear and decide on all the evidence which he offers touching his guilt.
2. *Mandamus lies to enforce this right*—If a judicial officer, before whom a prisoner is brought on *habeas corpus*, improperly refuses to hear and decide on the evidence adduced touching his guilt, *mandamus* lies to compel a hearing.

THE petitioner, being confined in the county jail of

Macon, under the warrant of a magistrate, to answer an indictment for perjury to be preferred against him, was brought on *habeas corpus* before the Hon. ROBERT DOUGHERTY, who refused to hear the evidence offered touching the question of his guilt or innocence, on the ground that he was regularly committed, after preliminary examination, by an officer having jurisdiction of the case. The prisoner excepted to this decision, and he now makes application for a *mandamus* from this court, to compel said judge to hear and determine the evidence respecting the charge preferred against him.

WM. P. CHILTON, and GEO. W. GUNN, for the motion.
M. A. BALDWIN, Attorney-General, *contra*.

STONE, J.—We think a prisoner, who is in custody simply on a warrant of commitment, issued after preliminary examination, and before any indictment has been found, can, when brought on *habeas corpus* before a proper officer, claim as a matter of right that such officer shall hear and pass on all legal evidence which he offers, touching the question of his guilt. If, on such examination, "it appear that no offense has been committed, or that there is no probable cause for charging the defendant therewith," the prisoner must be discharged. "If it appear that an offense has been committed, and there is probable cause to believe the defendant is guilty thereof," the defendant must be bailed or committed as the law directs. Code, §§ 3405–6.

In determining, as stated above, that prisoners can claim as a matter of right to have their witnesses heard, we think we are giving effect to the following provisions of the Code: §§ 3740, ¶ 3; 3744, ¶ 4; 3722, 3723, 3732, 3733, 3734, 3746.

We do not, in thus laying down the rule, intend to declare that there are not other cases in which witnesses should be heard. They are always heard, if offered, on applications for bail; and there are doubtless other cases of controverted fact, where such practice would be proper.

Neither is it our purpose to assert the doctrine, that by

the writ of *mandamus* we can control the *judgment* of the primary court, on the evidence in the cause. We exhaust our power when we require the evidence to be heard and considered.—The State v. Bowen, 6 Ala. 511; Commonwealth v. Judges, 3 Binney, 273; Commonwealth v. Cochran, 6 Binney, 456; Hull v. Supervisors of Oneida, 19 Johns. 259.

A rule is ordered to the Hon. Robert Dougherty, judge of the 9th judicial circuit, requiring him to show cause why a peremptory *mandamus* shall not issue against him, as prayed for, provided the relator is in custody, as stated in his application for the writ of *habeas corpus.*