# *Ex parte* Jones.

94   33
107  691

*Petition for Mandamus, on refusal of Habeas Corpus.*

1. *Mandamus on refusal of habeas corpus.*—When a person who is in custody under a charge of murder, having waived a preliminary examination before the committing magistrate, afterwards makes application for a writ of *habeas corpus* to a circuit or city judge, and the application is refused, this court will not award a *mandamus* to compel the judge to issue the writ and hear the case.

Application for a *mandamus* to Hon. JONA. HARALSON, judge of the City Court of Selma, requiring him to make an order for a writ of `habeas corpus, at the instance of Lewis Jones, the petitioner, who was in custody under a charge of murder, to inquire into the regularity of his commitment, and to discharge him or grant him bail.

J. W. MABRY, for the petitioner, cited *Ex parte Mahone*, 30 Ala. 49; *Ex parte Champion*, 52 Ala. 311.

W. L. MARTIN, Attorney-General, for the State, cited *Ex parte Chaney*, 8 Ala. 424; *Ramagnano v. Crook*, 85 Ala. 226; *Dunbar v. Frazier*, 78 Ala. 538; High's Extra. Legal Remedies, §§ 152, 155; *Ex parte Campbell*, 20 Ala. 89; 26 Penn. St. 9, or 67 Amer. Dec. 374; 7 Cush. Mass. 285; Hurd on *Habeas Corpus*, 219–20.

McCLELLAN, J.—The petitioner, upon being arrested on a warrant charging him with murder, waived preliminary examination before the justice of the peace before whom the warrant was returnable, and was thereupon committed to jail, without bail, to await the action of the grand jury of Dallas county. He then applied to the judge of the City Court of Selma for a writ of *habeas corpus*, alleging that the offense for which he had been committed was on the facts a bailable one, and praying that he be brought before the judge on said writ; that a hearing on the facts be then had, and that he be allowed to give bail. Judge HARALSON, of the City Court, refused to award the writ of *habeas corpus*; and said Jones now applies to this court for a *mandamus*, directing and requiring said judge to award the same, and proceed thereunder to examine into the matter as prayed in the original petition.

2

The application made here must be denied. If the petitioner has any remedy, it is not *mandamus*. That remedy can only be invoked when a specific legal right is clearly shown, and there is no other adequate remedy for its enforcement.—3 Brick. Dig. p. 625, §§ 2, 3 and 4. Assuming that petitioner was entitled to the writ, and of consequence that its refusal was erroneous, his remedy lay in a renewal of his application therefor to this court, which could either grant the writ absolutely, or declare his right to it so that, upon a second application to the judge of the City Court, or other officer authorized to act in the premises, his right would be effectuated.—Code, § 675; Const. Art. VI, § 2; *Ex parte Chaney*, 8 Ala. 424.

*Mandamus*, moreover, does not lie to control judicial action —it never issues to direct a judicial officer how to act, or what conclusion to reach upon a judicial question; but only to compel some action when a matter is presented for decision before an officer charged in that regard, and he refuses to hear and determine it.—*Ramagnano v. Crook*, 85 Ala. 226; *Dunbar v. Frazier*, 78 Ala. 538. Now, whether the writ of *habeas corpus* will be awarded in any case, is a judicial question; it is not to be granted as matter of course, but such facts must be made to appear to the judge to whom the petition therefor is presented as in his judgment *prima facie* entitle the petitioner to the writ.—*Ex parte Campbell*, 20 Ala. 89; Hurd on *Hab. Corp.* 219-222; Code, §§ 4761-2, 4766. And this power to determine *in limine* whether the writ should issue is essentially judicial power, the exercise of which may be revised on appellate application to this court, but never by a *mandamus* commanding the judge below to do that which he has determined he should not do.—High Extr. Legal. Rem., § 155.

We do not think that the cases of *Ex parte Mahone*, 30 Ala. 49, and *Ex parte Champion*, 52 Ala. 311, to which our attention has been invited, conflict with the foregoing views, at least so far as the matters really decided are concerned. Had the judge awarded the writ, and then refused to proceed with the case, the cases cited would be in point, and *mandamus* would lie, not to control his action, but merely to compel him to take some action, to hear and determine the matter involved in the premises. But he did not do this. His only action was to refuse to award the writ. This being judicial action— not a failure or refusal to act—as we have seen, *mandamus* is not petitioner's remedy, and his application therefor is denied.