# *Ex parte* **Charleston.**

*Original Petition for Writ of Mandamus.*

1. *Defendant in bastardy case may be committed on default of bail.* Bastardy proceedings are quasi criminal, and a justice of the peace, on preliminary examination, may commit defendant to jail in default of bail.

2. *Defendant committed in bastardy case entitled to writ of habeas corpus.*—A defendant in bastardy proceedings, who has been committed to jail by a justice, on default of bail, is entitled to the writ of *habeas*

*[Ex parte Charleston.]*

*corpus* under Code, § 4761, providing that any person who is imprisoned or restrained of his liberty on any criminal charge may prosecute the writ of *habeas corpus*.

3  *Mandamus proper remedy to compel probate judge to hear application for writ of habeas corpus.*—Mandamus is the proper remedy to compel a probate judge to hear a writ of habeas corpus to release one committed by a justice, in bastardy proceedings, for default of bail.

## Original application in Supreme Court for Mandamus.

An original petition for *mandamus* was filed in the Supreme Court by William Charleston, which averred the following facts:  William Charleston was arrested and carried before a justice of the peace of Marengo county on the charge of bastardy.  Upon investigation of said charge, the justice of the peace decided that there was probable cause for believing the said Charleston guilty as charged, and fixed his appearance bond at $200.  In default of said bond, he was committed to jail under a *mittimus* of the justice of the peace regularly issued. After his commitment to jail, the said William Charleston petitioned to the probate judge of Marengo county for a writ of *habeas corpus*.  Upon the return of the sheriff to said writ, the petition for *habeas corpus* was demurred to, on the ground that the probate judge had no jurisdiction to grant the writ prayed for, because the petitioner was imprisoned by virtue of a *mittimus* charging him with having committed the offense of bastardy "the determination of which is exclusively within the jurisdiction of the justice of the peace, and the finding of the justice of the peace, after his jurisdiction has attached, is final as to the determination of the probable cause; and his determination can not be reviewed by writ of *habeas corpus*."  This demurrer was sustained, and the petition for *habeas corpus* dismissed by the probate judge.  Thereupon the petitioner filed the present petition, addressed to the supreme court, asking for a writ of *mandamus* to be issued to the judge of probate of Marengo county, commanding him to hear and determine the petition for *habeas corpus*.

C. K. ABRAHAMS, for the petitioner.

I. I. CANTERBERRY, *contra*.

[*Ex parte* Charleston.]

HARALSON, J.—Proceedings in a case of bastardy partake of the nature of both a civil and a criminal suit, and is quasi-criminal. A party charged with bastardy, may be arrested and carried before a justice of the peace, and if, on examination, it appear there is probable cause for believing him to be guilty, he must be required to give bond for his appearance at the next term of the circuit court, and in default of giving bond and surety required, he must be committed to jail. The duty of the justice in such a case, as it is in many offenses with which parties are charged before him, is purely preliminary. Imprisonment follows, in default of a bond, in the same way, just as surely and effectually as in a purely criminal case, and it may be as unlawful in the one as in the other.—*Collins v. The State*, 78 Ala. 434; *Smith v. The State*, 73 Ala. 11. The *habeas corpus* statute provides, that "any person, who is imprisoned or restrained of his liberty in this State, on any criminal charge or accusation, or under *any other pretense whatever*, except, &c., * * * * may prosecute the writ of *habeas corpus* according to the provisions of this chapter, to inquire into the cause of such imprisonment and restraint."—Code, § 4761. According to the practice in this State, when a committing magistrate, on preliminary examination, in default of the bail prescribed, commits a party charged with a bailable offense, the prisoner has the right to the writ of *habeas corpus*, and is entitled to require of the judge granting it, that he shall hear and pass upon the question of his guilt,—to be discharged, if it shall appear to him, that no offense has been committed, or that there is no probable cause for charging him therewith.—Code, §§ 4762, 4785; *Ex parte Mahone*, 30 Ala. 49; *Ex parte Champion*, 52 Ala. 311; *Ex parte Riley*, 94 Ala. 82; *Ex parte West*, 14 So. Rep. 902.*

This statute is broad enough to cover unlawful imprisonment by a justice of the peace, of a party in a bastardy proceeding, as well as on any other charge; and why his commitment, after preliminary examination, in such a case, may not be inquired into, to ascertain if the restraint of the liberty of the party charged and imprisoned is not unlawful, as is here questioned, it is difficult to comprehend.

---

* Not found in official reports.

The demurrer to the petition for the writ, questioned simply the jurisdiction of the probate judge to enquire into the cause of the applicant's imprisonment, because it showed that he was committed by a justice of the peace in a bastardy proceeding, the legality of which, the judge could not investigate. The demurrer should have been overruled, and the probate judge should have proceeded to try the cause, as he would have done in the case of a criminal brought before him on *habeas corpus* after commitment by a justice of the peace, and having declined to do so, *mandamus* is the proper remedy.—*Ex parte Jones,* 94 Ala. 34; *Ex parte Champion* and *Ex parte Mahone, supra.*

Let our conclusions be certified below, and a rule *nisi* is granted for the judge of probate of Marengo to show · cause why the writ of *mandamus* should not issue as prayed for; unless being certified of our conclusions on the facts presented, he shall proceed to hear and determine the cause of the detention of the petitioner, or, unless he may desire to make answer to the petition and controvert the same.