# Mead *v.* Larkin.

*Contest as to Right of Homestead Exemption.*

1. *Notice of contest.*— When a claim to a homestead exemption in lands is filed by a debtor's widow, duly verified by affidavit, and is afterwards contested by a judgment creditor, she is entitled to notice of such contest, as a matter of constitutional right, as well as by force of the statute (Code, § 2836), which applies to all contests as to claims of exemption, whether of real or personal property; and a judgment rendered on such contest, without notice to her, will be reversed at her instance.

APPEAL from the Circuit Court of Jackson.
The record does not show the name of the presiding judge.

WALKER & SHELBY, for appellant.

ROBINSON & BROWN, *contra.*

SOMERVILLE, J.—The appellant urges but one assignment of error in this case, which is based on the fact that she had no *notice* of certain proceedings in the Circuit Court, whereby lands, out of which she claimed the right of homestead as the widow of her deceased husband, had been condemned by the judgment of said court to the satisfaction of an execution issued against him in his life-time. A claim of exemption, supported by affidavit, had been filed by her on May 31st, 1879. On June 2d, 1879, the appellee, who was

the plaintiff in execution, filed an affidavit contesting the validity of her claim of exemption. Without any notice to her of the fact of this contest, or of any intended proceedings thereunder, the Circuit Court rendered final judgment in the matter, on March 5, 1880, condemning the lands claimed, excepting only forty acres, to the satisfaction of the judgment debt against her husband, Lemuel G. Mead, deceased.

We think that appellant was clearly entitled to the notice claimed, and that the Circuit Court erred in rendering judgment without such notice being first given, in the absence of a voluntary appearance by her, or her counsel, on the trial. No person can be deprived of his or her property, "but by due process of law;" which is but an alternative expression for the phrase, "law of the land," derived from the maxims of *Magna Charta.*—Decl. Rights, § 7; 1 Bish. Proced. § 130.

As said by Mr. Justice STONE, in *Zeigler v. S. & N. Ala. R. R. Co.*, 58 Ala. 594, and reiterated with emphasis in *Wilburn v. McCalley*, 63 Ala. 436, "Due process of law implies the right of the person affected thereby to be present before the tribunal which pronounces judgment upon the question of his life, liberty, or property, in its most comprehensive sense; to be heard, by testimony or otherwise; and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved."

"In judicial proceedings," as said by an eminent writer on constitutional law, "the law of the land requires a hearing before condemnation, and judgment before dispossession." Cooley's Const. Lim. 356. "Due process of law undoubtedly means, in the due course of legal proceedings, according to those rules and forms which have been established for the protection of private rights."—*Westervelt v. Gregg*, 12 N. Y. Rep. 209.

Under the influence of this important constitutional guaranty, we think that whenever, in a judicial proceeding, a judgment is rendered by a court of justice, affecting the liberty, or condemning the property of any person, he is entitled to have reasonable notice of such procedure, trial, or contest. To hold otherwise, would be to render nugatory the maxim of the law, that every litigant is always entitled to his day in court. Where the statute is silent, as to notice in such cases, it will be supplied by necessary implication.

The counsel of the appellee insists, that the notice prescribed by section 2836 of the Code applies only to levies and contests relating to personal property, and has no reference to real estate, or contests of exemption claims growing out of levies upon it. We think otherwise, as we feel impelled to give the first clause of this section a liberal con-

[Rosser v. Bunn & Timberlake.]

struction. And if we had reached another conclusion, we would apply it by analogy to cases of this character.—*Dean v. State*, 63 Ala. 163.

The court below erred, in rendering judgment against appellant, under this state of facts; and the judgment is reversed, and the cause remanded.