# Nicholson *v.* The State, *ex rel.* Collins.

*Prosecution under Bastardy Statute.*

1. *Former acquittal, or conviction.*—A former acquittal or conviction, pleadable in bar of another prosecution, pre-supposes a trial before a court having jurisdiction to render a judgment on the merits; and this effect can not be attributed to a decision rendered by a court whose authority is limited to the inquiry, whether there is sufficient cause shown for sending the accused to a court having jurisdiction to try and determine the charge.

2. *Same; jurisdiction of justice of the peace, in bastardy proceedings.* In a prosecution for bastardy (Code, §§ 4071–80), the justice of the peace, before whom the complaint is made, has no more power to render a final judgment of acquittal, than a judgment of conviction; and if he finds from the evidence adduced that there is not probable cause to believe that the defendant is the father of the child, and therefore discharges him, such discharge can not be pleaded in bar of another prosecution.

3. *Relevancy of suspicious circumstances, implying admission or consciousness of guilt.*—In a prosecution for bastardy, the defendant denying that he had sexual intercourse with the prosecutrix at the time alleged by her, but admitting that he then had opportunities for such intercourse, and that he had intercourse with her at a subsequent time; the fact that, during the woman's pregnancy, which was well known in the neighborhood, he made inquiries and offers to pay for the means of making a woman miscarry, is relevant and competent evidence against him, though he professed to make such inquiries and offers for another person.

APPEAL from the Circuit Court of DeKalb.

Tried before the Hon. LEROY F. Box.

This prosecution was commenced before a justice of the peace, on the 3d August, 1882, on the complaint of Maria Collins, alleging that she had given birth to a bastard child, and that Joseph Collins was its father. The defendant was required by the justice to give bond for his appearance, at the next ensuing term of the Circuit Court, to answer the charge. In that court, he filed a plea of *res adjudicata*, or former acquittal, alleging that he had been arrested on the same charge, on a complaint made by the prosecutrix, before another justice of the peace, on the 3d June, 1882; and that said justice, on

hearing the evidence adduced, discharged him. The court sustained a demurrer to this plea, and the defendant then pleaded not guilty. On the trial, as appears from the bill of exceptions, the prosecutrix testified, that the child was begotten on the 15th August, 1881, and was born on the 8th May, 1882; that the defendant was its father, and that she had never had sexual intercourse with any other man. The defendant, testifying as a witness for himself, admitted that he had sexual intercourse with the prosecutrix on the 20th December, 1881, and again on the 12th January, 1882, but denied that he had at any other time; and he admitted that he went to her house, on her invitation, in August, 1881, found her alone, and took liberties with her person without objection on her part. A witness introduced by the defendant also testified, that he had sexual intercourse with the prosecutrix in July, August, and September, 1881, and that her character for chastity was bad. The parties were all colored persons. "Maria Burton, a colored woman, testified as a witness for the plaintiff, as follows: 'I am acquainted with Maria Collins, and with Joseph Nicholson. Joseph Nicholson came to me in the summer or fall of 1881, and said that a man had got him to find out if I knew anything that would make a woman miscarry; that the man agreed to give him five dollars, if he would find out something to make a woman miscarry; and that he would pay me if I would tell him—that I owed him a small amount, and he would give it to me if I would tell him. I told him that I knew nothing to make a woman miscarry. This was after I knew that Maria Collins was pregnant. This was all the conversation, and her name was not mentioned.' Thereupon, the defendant moved the court to exclude the testimony of said witness, as to her conversation with him, on the ground that the same was illegal and irrelevant; that said conversation did not connect the prosecutrix with defendant's said inquiry, and did not show that he referred to her or himself as the person desiring the information asked for. The court overruled said objections, and permitted the evidence to remain with the jury; to which ruling the defendant duly excepted." The admission of this evidence, and the sustaining of the demurrer to the plea of former acquittal, are now assigned as error.

McSPADDEN, CARDEN & BURNETT, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

BRICKELL, C. J.—The only jurisdiction a justice of the peace can exercise, in a proceeding for bastardy, is an examination to ascertain whether there is probable cause to believe the

[Nicholson v. The State, ex rel. Collins.]

accused is the father of the child. If, after an examination of the mother of the child and her witnesses, and of the accused and his witnesses, there is probable cause to believe the accused is the father of the child, bail for his appearance at the next term of the Circuit Court must be required of him ; and if he fail to give bail, he must be committed to jail. In the Circuit Court, an issue is formed, to ascertain whether the accused is the father of the child ; and on the determination of the issue, the only final judgment is pronounced which is rendered in the proceedings. The justice not having jurisdiction to make an order of filiation, or to pronounce any judgment on the merits, the order he may make, declaring either that there is, or is not, probable cause to believe the accused is father of the child, is not a judgment of conviction, or of acquittal, which can be pleaded in bar.—*Marston v. Jenness*, 11 N. H. 156 ; *Davis v State*, 6 Blackf. 494. An acquittal, or a conviction, pre-supposes a trial before a court having jurisdiction to pronounce judgment on the merits. A mere hearing before a court limited to the inquiry, whether there is sufficient reason for sending an accusation to a court of competent jurisdiction, to make final disposition of it, whatever may be the result of it, is conclusive upon no one. The justice of the peace was as wholly without power to render a judgment of acquittal, as he was to render a judgment of conviction. The order rendered by him, discharging the defendant, ascertained only that, upon the examination had before him, there was not probable cause to believe the defendant was the father of the child. The order did not preclude a new examination, and had no other effect than an examination before a grand jury, followed by a refusal to find a true bill, would have upon the power and action of a succeeding jury.

2. The general rule, in regard to the relevancy of evidence, is, that facts and circumstances, which, when proved, are incapable of affording any reasonable presumption or inference as to a material fact or inquiry involved in the issue, can not be given in evidence.—*State v. Wisdom*, 8 Port. 511 ; *Campbell v. State*, 23 Ala. 44. It is often a most embarrassing question to determine, whether a particular fact or circumstance is too remote to admit of any just, reasonable direction to the jury, in arriving at a conclusion upon, and determining the main point of inquiry. A fact or circumstance may, in itself, seem trivial, or wholly disconnected with the main fact, the subject of inquiry ; and yet, when connected with other facts, of which there is evidence, may aid materially in reaching a satisfactory conclusion. Manifestations of guilt, or of a consciousness of guilt, at or about the time an offense is committed, or in the presence of suspicion or accusation of it, are facts and circum-

[Butler v. The State.]

stances which may be proved, to connect the person from whom they proceed with the offense. The destruction of the fruits of a crime, or preparation to destroy them, is also a fact of which evidence may be given. The pregnancy of the relator was a known fact, as was, of course, the fact that it was the result of illicit intercourse. That at this time the defendant, who had antecedent opportunities for such intercourse, should be making inquiries and propositions to pay for the means of making a woman miscarry—for producing abortion—may, of itself, be very weak and inconclusive evidence; yet we think it was a fact for the consideration of the jury, in connection with the evidence of the prosecutrix that he had sexual intercourse with her at a preceding time, which he denied, asserting that it was at a subsequent time. That he proposed to make the inquiry for another, may affect the weight of the fact of inquiry, or may add to it, as the jury may credit the profession, but does not render it inadmissible.

Affirmed.