# *Ex parte* **Pruitt & Harper.**

*Application for Discharge from Custody on Habeas Corpus.*

| 99 | 225 |
| 105 | 120 |

| 99 | 225 |
| 117 | 161 |

| 99 | 225 |
| 121 | 48 |

1. *Misdemeanors triable before justice of the peace; trial or commitment by him.*—When a person is brought before a justice of the peace, charged with a misdemeanor which the justice has jurisdiction to try and determine. on its merits, the prosecutor and the witness also being present, it is the duty of the justice to proceed with the trial and render final judgment (Code, § 4239); and he has no power to bind the defendant over to answer an indictment, unless a trial by jury is demanded.

Application by petition in the names of Richard Pruitt and Thomas Harper jointly, for the writ of *habeas corpus,* to procure their discharge from the custody of the sheriff and jailor of Madison county, who held them under a *mittimus* issued by a justice of the peace of said county, under the

circumstances stated in the opinion. The application was first made to Hon. HENRY C. SPEAKE, the judge of the eighth judicial circuit, and was by him overruled and refused; and a bill of exceptions having been reserved to his decision, the petitioners renew their application to this court.

D. D. SHELBY, and S. S. PLEASANTS, for the petitioners, cited Code, § 4026; *In re Donnelly*, 30 Kans. 424; *In re Donnelly*, 30 Kans. 191; *Thomm v. State*, 35 Ark. 327; 12 Amer. & Eng. Encyc. Law, 410, note.

WM. L. MARTIN, Attorney-General, *contra*, cited 1 Bish. Crim. Pro., 141, § 237; *Com. v. Harris*, 8 Gray, (Mass.) 470; *Com. v. Boyle*, 14 Gray, 3; *Com. v. Golding*, 14 Gray, 49; *Com. v. Many*, 14 Gray, 82; *Com. v. Hamilton*, 129 Mass. 479; *State v. Towle*, 48 N. H. 97; *Wolverton v. Com.*, 75 Va. 909.

McCLELLAN, J.—Petitioners were arrested and brought before a justice of the peace on a charge of removing seed-cotton, of the value of five dollars, from the premises of J. M. Hampton, between the hours of sunset and sunrise. The complaint was made before this justice, and the warrant thereon was issued by him. The prisoners being brought before him, he examined witnesses touching the alleged offense, and thereupon made the following order: "State of Alabama, Madison County. In the case of Thomas Harper and Richard Pruitt, they are committed to jail to answer the charge of removing seed-cotton from the premises of John M. Hampton. The amount of bond at the rate of $500 each." Failing to give the required bail, the defendants were committed to jail under the following *mittimus:* "*State of Alabama v. Thomas Harper and Richard Pruitt.* To the jailer of Madison county, Alabama: In the case of the *State v. Thomas Harper and Richard Pruitt*, charged with grand larceny, upon the examination I find that such offense has been committed, and have sufficient cause to believe them guilty of the same. You are therefore commanded to take them into your custody, and keep them till they are legally discharged. I fix their bond at five hundred dollars each, to appear at the next term of the Circuit Court. Witness my hand and seal, this the 2d day of November, 1892. J. B. SMITH, J. P." In answer to the writ of *habeas corpus* issued by the judge of the Circuit Court, the sheriff of Madison county justified his custody of petitioners under this *mittimus.* On this state of case, the

[Ex parte Pruitt & Harper.]

circuit judge denied the petition, and remanded the petitioners to custody.

The offense charged in the complaint and described in the order of commitment made by the justice is a misdemeanor. Code, § 4141. It is manifested by the complaint, the order of commitment, and the evidence of the justice of the peace, given without objection on the hearing of the petition, that the petitioners were committed to answer an indictment for this misdemeanor, and that it was this offense which is in fact, through misconception of the magistrate, described in the *mittimus* as grand larceny. And hence we feel warranted in affirming that, on the hearing of the petition by the circuit judge, it was made to appear, and is made to appear by the record before us, that the petitioners were committed in default of bail to answer an indictment for a misdemeanor. Under general statutes, justices of the peace have concurrent final jurisdiction with Circuit Courts of certain specified misdemeanors (Code, § 4233), when the prosecution therefor is commenced within sixty days after the commission of the offense. Code, § 3712. By special enactment, the concurrent final jurisdiction of justices of the peace in Madison county is extended to all misdemeanors.—Acts 1876-7, p. 196. This prosecution was commenced the day after the alleged commission of the offense. The justice therefore had jurisdiction to finally hear and determine it, adjudge guilt or innocence, and impose punishment or discharge the defendants. The statute expressly declares and fixes his duties and powers in respect of such cases with clearness and emphasis. Saving defendant's constitutional right to a jury, if he elects to claim it, it provides that, if he does not demand a jury—and there is no pretense that these defendants made such demand—the trial *must proceed*, either presently or on a day to which a continuance may be had for good cause shown, *before the justice*. This is its language: "If the accused and the prosecutor are both present, and also the witnesses for the prosecution and defense, and the accused does not demand a trial by jury, the trial must proceed before the justice, unless, for good cause shown, he continues it to some other day not more than ten days distant."—Code, § 4239. The trial referred to in this section is not a preliminary one, but final. A previous section is clear to this conclusion. It provides: "In all trials before a justice of the peace, of causes which are within his jurisdiction, he must determine both the law and the facts, without the intervention of a jury, and award the punishment which the offense may demand."—Code,

§ 4237. These sections are parts of the article of the Code which specially prescribes the duties, powers and jurisdiction of justices of the peace in prosecutions for misdemeanors, and the proceedings therein. Code, §§ 4233, *et seq.* And they are the source and limitation of all power, authority and jurisdiction in these officers, in respect of the misdemeanors named in section 4233, and, in connection with the special act referred to above, in respect of all misdemeanors committed in Madison county. The sections which we have set out *in totidem verbis* are as imperative and mandatory in their terms as language, without express exclusion, could make them. They leave no room for discretion. And there is every reason why they should not. The organic law guarantees a speedy trial. It is the policy of this law that a speedy trial shall be had. It is equally to the interest of the public and alleged misdemeanants that the question of their guilt or innocence should be speedily adjudged, to the end that if guilty they may the sooner pay the penalty, and if innocent the sooner be so adjudged and discharged, in either case avoiding expense, and in cases like this avoiding incarceration amounting, it may be, to greater punishment than the law has set against the crime; and this too without any adjudication of guilt upon which the law authorizes the infliction of punishment by that name. In such cases, the justice, the statute declares, *must proceed* with the trial—he *must* determine both the law and the facts, and he must award the punishment. These duties are imposed for the benefit of defendants, as well as upon other general public considerations. They vest defendants with the right to have their causes finally heard and determined by the justice. As is fully illustrated in this case, it is a valuable right, and, by the very terms of the statute, it must be accorded to them, unless they elect to exercise another right, which is no more valuable and assured to them than this is, so long as these statutes are unrepealed—that of demanding a trial by jury. This right, as in the case at bar, being waived, the only other way to carry the case to the Circuit Court is by appeal after final judgment by the justice, a judgment which has never been entered here, and now can not be. We hold, therefore, that there was no warrant of law for sending this case to the Circuit Court. The justice of the peace was without authority or jurisdiction to bind these petitioners over to that court; and, in default of bail, commit them to await the action of its

[Ex parte Pruitt & Harper.]

grand jury. His *mittimus* to that end is void, and affords no justification for their detention.

The argument against this conclusion is based on the provisions of the general law made to apply in broad terms to all magistrates named in section 4680 of the Code, among which are justices of the peace, and authorizing these officers to hold a preliminary investigation upon complaint made that "a person has been guilty of a designated public offense," and bind such person over to a court having jurisdiction thereof, if it be made to appear that the offense has been committed, and that there is probable cause to believe the defendant is guilty thereof.— Code, §§ 4255, *et seq.*, and 4680. Upon a well settled and familiar principle, this general law, applying to all magistrates and to all offenses in general terms, will not be allowed to override specific and imperative enactments specially, and for obvious reasons, applicable to justices of the peace and prosecutions for offenses of a particular class finally triable and determinable by them; and especially ought this rule to be applied here, since it still leaves a field for the operation of the general statute in respect of justices of the peace, in that under it they have jurisdiction preliminarily to try, and commit or discharge, all alleged felons, and all misdemeanants who have not been proceeded against within sixty days after the commission of the alleged offense.

A good many adjudged cases have been brought to our attention, cases decided in other jurisdictions. It does not appear that any of them had to deal with statutory provisions similar to those embodied in sections 4237, 4238 and 4239 of our Code, and hence they can not be said to be authority in the present case. Among them is the case of *Ex parte Donnelly et al.*, 30 Kan. 191, and (on rehearing) 424, where it was directly held that a justice of the peace could not commit for an offense of which he had final jurisdiction, and this though, so far as the report of the case discloses, justices had preliminary jurisdiction under a general law identical in terms with our own, and it did not appear that their duties, power and jurisdiction in respect of misdemeanors were specifically prescribed as in our statutes. The conclusion of the Kansas courts was in some measure rested on a consideration which we have not before adverted to, but which is equally forceful under our statutes. It is this : A committing magistrate is, in general terms, authorized to bind defendants over to any court having jurisdiction of the offense. To hold that a justice of the peace could

bind over a misdemeanant of whose offense he has final jurisdiction, is to hold that he may upon the statutory preliminary trial—upon an examination of witnesses—recognize such offender to appear before another justice of the peace, or even for another and final trial before himself, which is an absurdity.

We need not pursue the discussion further. The application for *habeas corpus* will be granted, and the writ will be here issued, unless, upon the advice of this opinion, petitioners are content to renew their application before a *nisi prius* judge having jurisdiction.

Application granted.