# Brown v. State.    (Two cases.)

*Indictment for Larceny.*

1. *Proceedings before justice of peace; can not bind over for petit larceny.*—Where a defendant is brought before a justice of the peace under a warrant of arrest issued on a complaint charging him with several entirely distinct petit larcenies, for which the justice has final jurisdiction to try and punish him, it is the duty of the justice to try him for one or the other or all of the offenses charged, and render final judgment (Code, § 4239); and the justice has no power to merge the several petit larcenies so as to make grand larceny, and bind defendant over to the grand jury for that offense, nor has he authority to bind defendant over to the grand jury to answer for any of the petit larcenies.

2. *Same; plea of former jeopardy.*—The defendant in such a case having been bound over by the justice and indicted for each offense, the proceedings before the justice can be pleaded as former jeopardy in bar of a prosecution under any or all of the indictments.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

The appellant was indicted, tried and and convicted upon two separate indictments, charging him with petit larceny. The two cases involve identically the same rulings, and on appeal to this court are submitted together.

On August 20, 1894, there was a warrant sworn out before a justice of the peace of Montgomery county, charging the defendant, Brown, with the larceny of several articles at diffierent times. The language of the affidavit upon which this warrant was issued was as follows: "That in said county during the past six

months, one Kiah Brown did steal cotton seed, cotton, plows, single-trees, collars, harness, chairs, lines, double-trees, &c., from the affiant at various times and places on the premises of the said affiant, against the peace and dignity of the State of Alabama.'' Upon Kiah Brown being arrested upon the warrant issued under this affidavit, he was carried before the justice of the peace issuing said warrant, who, without taking final jurisdiction of the larceny of any one of the several articles alleged to have been stolen, bound the defendant over to await the action of the grand jury. When the grand jury met it found three several and distinct indictments against the said Kiah Brown, each being for the offense of petit larceny. One of the said indictments charged him with the theft of 400 pounds of cotton in the seed, value of $10; another indictment charged him with the theft of two collars and four single-trees, aggregate value of $2; and still another charged him with the theft of ten bushels of cotton seed, the value of $3. The trials upon these two latter indictments gave rise to the present appeals. The defendant, after the indictments were found, was first put upon his trial in the city court upon the indictment which charged the theft of 400 pounds of seed cotton; and for an answer to the indictment he pleaded the proceedings had in the court of the justice of the peace as having been put in former jeopardy. He was afterwards put separately to his trial upon each of the other indictments, the one charging larceny of the cotton seed, and the other the larceny of the collars and single-trees. As to each of these last two indictments he also interposed his plea of former jeopardy, setting up the proceedings in the justice of the peace court as constituting such jeopardy. The solicitor filed a replication to the plea of former jeopardy, which alleged the different acts of theft happened at several and different times, that the one plea of former jeopardy growing out of the proceeding before the justice had already been interposed against the indictment for the theft of the cotton in the seed; and that, therefore, the same proceedings before the justice could not be made the basis of a defense to each and every charge brought against the defendant. The defendant demurred to this replication, upon the grounds: 1st, that it contained no legal answer to the

plea of former jeopardy ; and, 2d, that it shows on its face that the justice of the peace could have found the defendant guilty of any one of the charges preferred against him in the proceedings before said justice. This demurrer was overruled, and this ruling presents the only question considered on the present appeal.

HILL, ROQUEMORE & ROGERS, for appellant.—The plea of former jeopardy interposed by the defendant in each of these cases, should have been sustained. The justice of the peace had jurisdiction of the charges preferred in the affidavit, upon which warrant was issued ; and having once taken jurisdiction and heard the evidence, the defendant was thereby put in jeopardy.—*Ex parte Pruitt & Harper*, 99 Ala. 225.

W. C. FITTS, Attorney-General, for the State.—The plea of former jeopardy was no answer to either of the indictments in this case. The test to determine the sufficiency of the plea of former jeopardy or former acquittal is, whether the facts as alleged in the second indictment, if proved, would have warranted a conviction under the first indictment.—*Sanders v. State*, 55 Ala. 42 ; *Faulk v. State*, 52 Ala. 415. However closely connected in point of fact the offense may be, if, in the contemplation of law they are distinct and separate offenses, there is no protection against a prosecution for both.—*Gordon v. State*, 71 Ala. 315.

HARALSON; J.—It is conceded, that the warrant of arrest, sued out before the justice, on which defendant was arraigned and tried by him and bound over tu the grand jury, had reference to several distinct petit larcenies, having no connection with each other ; that no one of the charges constituted grand larceny; that the grand jury found for these same offenses three separate and distinct bills of indictment, two of them being the cases now before us on these two transcripts ; and that, on the third, defendant was tried in the city court and acquitted on his plea of former jeopardy before the justice, such as is interposed as a defense in each of these cases.

The plea of former jeopardy, as pleaded in these two cases, was a good defense to the indictments in each, not less so than the same plea was to the other and third

indictment, on which defendant was acquitted; and the replications of the solicitor were no answers to said pleas.

The defendant when brought before the justice under said warrant, should have been tried by him for one or the other of the offenses with which he was charged, and by proper procedure, he might have been held and tried for the others. It was beyond the power and jurisdiction of the justice, after trial had, to merge the several petit larcenies, to make one grand larceny out of them, as he attempted to do, and bind the defendant over for that offense; and it was equally beyond his power to bind the defendant over to the grand jury, to answer for any one or more of the several distinct misdemeanors with which he was charged in said affidavit and warrant, and of which the justice had jurisdiction to finally try and punish him. The demurrer of defendant to the replication should have been sustained.—*Ex parte Pruitt & Harper*, 99 Ala. 227; *Ex parte Crawlin*, 92 Ala. 101; *Foster v. The State*, 88 Ala. 182; *Nicholson v. The State*, 72 Ala. 178.

The judgment and sentence in each case is reversed and set aside, and an order will be here entered, discharging defendant from said prosecutions.

Reversed, and defendant discharged.

