# The State *v.* McFarland.

*Proceedings on Habeas Corpus.*

1. *When magistrate must finally try.*—If one is charged before a magistrate with the commission of a misdemeanor which the officer has jurisdiction to finally try and punish, he cannot bind the defendant over to answer an indictment therefor, but must proceed to try and make final disposition of the case.

2. *Magistrate; authority to bind over.*—If a defendant is before a magistrate on complaint charging the commission of a felony, he may be bound over to answer an indictment therefor, although it may be in the power of the magistrate to convict him of a misdemeanor under the complaint..

3. *Constitutional privilege when waived by a defendant.*—If a judgment in a criminal cause is arrested on motion of the defendant, such action, having been taken at his instance, is an expressed waiver of the constitutional privilege of not being placed in jeopardy a second time for the same offense; and if he is held to answer a new indictment he cannot be ·discharged on habeas corpus because of his former conviction in the case in which the arrested judgment was rendered.

4. *Verdict of jury for minor offense, an acquittal of greater.*— Where a defendant is put on trial under an indictment which

[The State v. McFarland.]

charges larceny from the person, of property over five dollars in value, and the verdict is guilty of petit larceny, the verdict is in legal effect an acquittal of grand larceny, whether the finding of the jury was authorized in such an indictment or not.

5. *Order of court, when a mittimus to jailor.*—When a judgment in a criminal case is arrested at the instance of the defendant, and he is bound over to answer a new indictment for the offense of which he was convicted, the order of the judge from the bench so binding him over is a mittimus to the jailor to keep him in custody until duly discharged, which the court had authority to issue.

APPEAL from the City Court of Montgomery.

Tried before Hon. A. D. SAYRE.

Robert McFarland was arrested on a complaint charging him with larceny from the person, of a gold watch of the value of $10.00. On preliminary hearing had before the recorder of the City of Montgomery, he was bound over to the City Court of Montgomery to answer an indictment for grand larceny. He was indicted for larceny from the person, of one gold watch of the value of $8.00; and on the trial under this indictment he was convicted of petit larceny, and judgment was rendered against him. He moved for arrest of judgment and for his discharge, on the ground of former jeopardy; insisting that the recorder had jurisdiction to try and convict him of petit larceny, and that as he had been arraigned before the recorder and the recorder had failed to take jurisdiction, he had been in jeopardy for the offense of which judgment was rendered in the city court. The court granted the motion in arrest, but refused the motion to discharge, and held the defendant to answer a new indictment for petit larceny. Afterwards the defendant being in jail under the commitment to answer the indictment to be preferred, sued out a writ of habeas corpus before the judge of the city court, and on the hearing he was discharged. The State appealed from this judgment. The point presented was whether a magistrate, having a defendant before him on a charge of felony, could bind him over for the felony, when under the evidence produced in the case he could legally convict of a misdemeanor embraced in the charge.

[The State v. McFarland ]

CHAS. G. BROWN, Attorney General, and TENANT LO-
MAX, for the State, cited the following authorities:—
*Kendall v. State*, 65 Ala. 495; *Allen v. State*, 52 Ala.
391.; *Gunter v. State*, 83 Ala. 96; *Clay v. State*, 43 Ala.
350; *Ex parte Trover*, 75 Ala. 40; *Stone v. State*, 115 Ala.
121.

JNO. W. A. SANFORD, *contra.*

HARALSON, J.—The Code, section 5049 (3789), pro-
vides among other things, that "any person    *   *   *
who steals any personal property of the value of five dol-
lars or more, from the person of another,    *   *   *   is
guilty of grand larceny, etc."

The defendant was proceeded against, on affidavit and
writ of arrest for the violation of this section of the
Code. It appears, when carried before the recorder for
trial, he was tried for this offense and for no other. He
did not attempt to show that he was not guilty of the
offense charged, by proving that he did not take the
watch from the person of the prosecutor, but that he·
found it on the street. The recorder evidently did not
believe that theory of defense, for he bound defendant
over to the city court to answer an indictment for the
offense charged in the affidavit and warrant—an offense
the recorder did not have jurisdiction to try finally, and
punish. We need not consider and decide whether the
recorder had jurisdiction under this affidavit and war-
rant, to convict the defendant of petit larceny, if the
facts brought out before him on the trial convinced him
that he was guilty of petit and not of grand larceny;
for, however that may be, he did have the authority, and
it was his duty, if he believed defendant to be guilty of
grand larceny, the offense with which he was charged, to
bind him over to answer an indictment therefor.—*Nich-
olson v. The State*, 72 Ala. 176; *Ex parte Crawlin*, 92
Ala. 101. It is true, as we have before now decided, that
if one is charged before a magistrate, with the commis-
sion of a misdemeanor, of which the officer has jurisdic-
tion to finally try and punish, he cannot bind the defend-
ant over to answer an indictment therefor, but must pro-
ceed to try and make final disposition of the cause. *Ex*

*parte Pruitt,* 99 Ala. 225; *Brown v. The State,* 105 Ala. 117. But, when the offense charged is a felony, as here, and the recorder so adjudged, and bound the defendant over, he did what he had the jurisdiction and authority to do.

The grand jury, at the ensuing term of the city court, indicted the defendant for grand larceny, for stealing the watch from the person of the prosecutor. That indictment was well drawn under the section of the Code referred to, and its sufficiency was not questioned by defendant. He did not plead on the trial, and could not have interposed a plea of former jeopardy, growing out of any state of the proof before the recorder. On the phase of the evidence tending to show a larceny by finding, the learned judge below charged the jury, that they might, if they believed the evidence, find the defendant guilty of petit larceny. That charge, it seems, the court afterwards recognized to be erroneous; for it had theretofore been settled, that when one is indicted under the statute for larceny from the person of another, and the proof showed that the property was not stolen from the person named, but from some other place, the defendant could not be convicted of larceny, either grand or petit. *Stone v. The State,* 115 Ala. 121. Afterwards, on the motion of the defendant, the judgment rendered by the court on the verdict of the jury finding him guilty of petit larceny was set aside. The court, however, refused to discharge but bound defendant over to answer an indictment for petit larceny.

It is well settled that when on motion of a defendant a judgment is set aside, whether accomplished on motion to arrest, for a new trial, or on appeal or writ of error, such action having been taken at the instance of defendant, is an express waiver of the constitutional privlege of not being placed in jeopardy a second time for the same offense. On another trial, therefore, under a new indictment, if preferred, for petit larceny of this watch, the defendant would not be entitled to plead former jeopardy for anything growing out of this trial. He estopped himself to do so, by moving to set aside the judgment.—*Kendall v. The State,* 65 Ala. 492; *Morrisett v. The State,* 77 Ala. 71; *Gunter v. The State,* 83 Ala. 96, 105.

[The State v. McFarland.]

As we have seen, the defendant was put on his trial for grand larceny, and was found guilty of petit larceny, growing out of his finding and criminal misappropriation of the watch afterwards. The jury might have found him guilty of grand larceny for stealing the watch from the person of the prosecutor, but they refused to do so. He was in jeopardy as to that offense. The verdict they rendered, though not authorized in such an indictment, was, however, in legal effect, an acquittal of the offense with which he was charged.—*Clayborne v. The State,* 103 Ala. 53, where the authorities are collated.

The judge below on the trial of this writ, discharged the defendant from custody. This decision was based on the theory that defendant had been once in jeopardy for the offense of petit larceny, even, growing out of the facts of the case. The court, when it set aside the judgment of conviction for petit larceny, on the facts disclosed, very properly bound defendant over to answer an indictment for that offense, of the guilt of which there was an admission by defendant in his application for arrest of judgment. The jury believed his guilt on the evidence and so declared by their verdict. The evidence was fully sufficient for believing there was probable cause for charging defendant with it. The order of the judge from the bench binding him over for petit larceny, was a *mittimus* to the jailor to keep him in custody until duly discharged, which the court had the discretion and authority to issue.—Code, § 4922 (4394) ; *Ex parte Graves,* 61 Ala. 381.

We are constrained to hold that the order of discharge rendered on this trial was erroneous. The defendant is in custody on a proper commitment, and will so remain until discharged by law.

Reversed and remanded.