# Jones v. The State.

### Assault and Battery.

(Decided July 6, 1910.    53 South. 286.)

*Justices of the Peace; Misdemeanor; Binding Over.*—Where a person is charged with a misdemeanor before a justice of the peace of which said justice has final jurisdiction, and the defendant does not claim trial by jury or waive to the grand jury, it is the duty of the justice to proceed to trial and render final judgment. Such justice has no power to bind such defendant over to the county court, and having done so that court should dismiss the prosecution.

APPEAL from Shelby County Court.

Heard before Hon. EDWARD S. LYMAN.

J. W. Jones was convicted of assault and battery in the county court to which he had been bound over by a justice of the peace before whom the affidavit was issued and to whom the warrant was made returnable, and he appeals. Reversed and remanded.

KIDD & DARDEN, for appellant. Counsel discuss a good many matters not mentioned in the opinion and cite authorities in support thereof, but they do not discuss the matters decided.

ALEXANDER M. GARBER, Attorney General, for the State.

SIMPSON, J.—The appellant was arrested on a warrant from a justice of the peace, based on an affidavit charging assault and battery. The justice of the peace, in place of trying the case as he should, bound the defendant over to the county court of Shelby county.

The defendant made a motion in the county court to dismiss the prosecution, because the justice had final jurisdiction to try the case, and was without authority to bind the defendant over to said county court. It has been distinctly held by this court that when a person is brought before a justice of the peace, charged with the commission of a misdemeanor of which he has final jurisdiction, it is the duty of the justice to proceed with the trial, and render final judgment, and that he has no power to bind the defendant over to answer an indictment.—*Ex parte Pruitt* & *Harper,* 99 Ala. 225, 13 South. 317; *Brown v. State,* 105 Ala. 117, 16 South. 929; *Wiley v. State,* 117 Ala. 158, 23 South. 690. The jurisdiction of the county court of Shelby county is defined in the act creating that court.—Acts 1909, pp. 52, 53. The justice of the peace was without authority to bind the defendant over to the county court of Shelby county, or to make the warrant returnable thereto.

The judgment of the court is reversed; and a judgment will be entered here, dismissing the prosecution and discharging the prisoner.

Reversed and rendered.

[Sanderson v.. The State.]

Dowdell, C. J., and McClellan and Mayfield, JJ., concur.