# Pierce *v.* The State.

## *Embezzlement.*

(Decided June 3, 1913.    63 South. 33.)

1. *Bill of Exceptions; Filing; Time.*—Where a bill of exceptions is not filed with the trial judge within 90 days from the date of the judgment of conviction as required by section 3019, Code 1907, it will be stricken on motion.

[Pierce v. The State.]

2. *Criminal Law; Former Jeopardy.*—Where defendant's plea of former jeopardy shows that the jury was discharged on defendant's own motion after defendant had pleaded not guilty, and the jury had been sworn, it interposed no bar to a subsequent prosecution, and a demurrer was properly sustained thereto.

APPEAL from Madison Law and Equity Court.

Heard before Hon. JAMES H. BALLENTINE.

Berry Pierce was convicted of embezzlement, and he appeals. Affirmed.

The plea in abatement sets up that on the 7th day of November, 1912, defendant was duly arraigned and pleaded not guilty to said offense charged, which is in substance as follows: (Here follows indictment similar to the one on which this trial was had.) Defendant was put upon trial for such offense, and after having pleaded guilty, and after hearing the greater part of the evidence for the state, the defendant was informed that one of the members of the jury trying the case was also a member of the grand jury who returned the indictment, and he was stricken from the panel, and the court thereupon instructed defendant, after he had refused to proceed further with the cause, to put in writing what he desired to be done in the case, whereupon defendant by his attorney moved to quash the panel, and the court thereupon quashed the panel, and continued the cause.

C. T. GRIMMETT, and DOUGLAS TAYLOR, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—The motion made by the Attorney General to strike the bill of exceptions in this case must be granted. The judgment was entered on January 8,

1913, and the bill of exceptions was presented to the presiding judge on April 9, 1913—not within 90 days from the day on which the judgment was entered, as required by the statute.—Code, § 3019.

It was not error to sustain the demurrer to the defendant's plea of former jeopardy. The averments of the plea showed that it was on the motion of the defendant that the jury in the former trial was discharged before any verdict was rendered. This being true, he was not entitled to set up that trial as a former jeopardy.—*Hughes v. State,* 35 Ala. 351; *Lyman v. State,* 47 Ala. 686; *State v. McFarland,* 121 Ala. 45, 25 South. 625; 12 Cyc. 271.

No error is found in the record.

Affirmed.