[Hazelton v. The State.]

# Hazelton *v.* The State.

## *Habeas Corpus.*

(Decided May 13, 1915.  68 South. 715.)

1. *Criminal Law; Former Jeopardy; Recorder; Misdemeanor.*— Where a defendant was charged before a recorder of a town with the offense denounced by section 6418, Code 1907, and with the offense denounced by section 6470, Code 1907, each of which offenses were misdemeanors under section 6756, Code 1907, and both of which, if committed at all, were committed within the jurisdiction of the town, and for which offenses defendant was held by the recorder to await the action of the grand jury, such defendant had once been put in jeopardy, and, under the Constitution and section 1221, Code 1907, he should be discharged from custody on habeas corpus from a sub-sequent prosecution for the same offense in the county court.

2. *Habeas Corpus; Judge; Granting Order.*—Where the order deny-ing the petition for discharge on habeas corpus, was signed by the judge of probate, and it disclosed that it was made by the judge and not by the court, the order was not so void that an appeal could not be taken therefrom, because it appeared from the record that the order was made by the probate court, and not by the judge, not-withstanding the authority to grant writs of habeas corpus is to be exercised by the judge of probate, and not by the probate court.

APPEAL from Lamar Probate Court.

Heard before Hon. R. L. BRADLEY.

J. C. Hazelton brought habeas corpus to be discharged from certain prosecution pending before the county court, and from any order denying his discharge he appeals. Reversed and rendered.

WALTER NESMITH, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCH-ELL, Assistant Attorney General, for the State.

BROWN, J.—Two prosecutions were commenced against the petitioner by affidavit made before the may-or or recorder of the town of Sulligent and warrants

issued by the record returnable to the recorder's court. In one case, petitioner was charged with having in his possession "implements or instruments designed and intended by him to aid in the commission of a burglary or larceny in this state," an offense denounced by section 6418 of the Code; and in the other he was charged with the offense of conspiring with others to commit a felony, an offense denounced by section 6470 of the Code. The petitioner was arrested and carried before the recorder of the town of Sulligent, where, after preliminary investigation, he was committed to jail to await the action of the grand jury on these charges and was in the custody of the sheriff in the county jail under the commitment of the recorder, which appears to be in due form.

(1) The sole question here propounded is whether or not the recorder had final jurisdiction to pronounce upon the guilt or innocence of the defendant on these charges. Both of the offenses were committed, if at all, within the police jurisdiction of the town, and are punishable by fine and imprisonment in the county jail or by sentence to hard labor for the county, and are, therefore, misdemeanors.—Code, § 6756; *Moore v. State,* 12 Ala. App. 243, 67 South. 789; *Smith v. State,* 8 Ala. App. 196, 62 South. 575.

Under the provisions of section 1221 of the Code, the recorder had final jurisdiction, concurrent with the county court, of these offenses.—*Ex parte Ratley,* 188 Ala. 107, 66 South. 147. And it was the petitioner's right under the Constitution to have that court proceed to a speedy final trial.—*Ex parte Pruitt,* 99 Ala. 225, 13 South. 317; *State v. Bush,* 12 Ala. App. 309, 68 South. 492; *Jones v. State,* 168 Ala. 108, 53 South. 286; *Brown v. State,* 105 Ala. 117, 16 South. 929.

The warrants being made returnable to the record-
er's court, which, as we have shown, had final jurisdic-
tion, concurrent with the county court, of both of the
offenses, the only judgment the recorder was authorized
to render was one pronouncing upon the guilt or inno-
cence of the defendant. Whether the petitioner is guil-
ty or innocent, it is his right, under the Constitution,.
to have the court upon which the law had conferred
final jurisdiction to pass upon his case, to the end that
if he is innocent he be finally discharged, and if guilty
that he may have an appropriate sentence pronounced
against him which he can comply with and eventually
gain his liberty.

The petitioner having been once put in jeopardy by
being put on trial before the recorder's court, the Con-
stitution guarantees that he shall not again be put in
jeopardy for these offenses, and an order discharging.
him from custody must be here entered.—*Brown v.
State,* 105 Ala. 117, 16 South. 929; *Jones v. State, supra.*.

It is no answer that the evidence tends strongly to
show that the defendant was guilty. The court must
be guided in its enunciations by the law of the land,.
and, as has been said, it is far better that the petition-
er, though guilty, go free, than that the "landmarks of
the law be obliterated or obscured."—*Leigh v. State,* 69.
Ala. 267.

(2) The Attorney General insists that the appeal
should be dismissed because it appears from the record
that the order from which the appeal was taken was
made by the probate court, and not the judge of pro-
bate, and therefore the order is void and will not sup-
port the appeal. It is true, as insisted, that the author-
ity to grant writs of habeas corpus is one to be exer-
cised by the judge of probate, and not the probate court.

(*Carwile v. State,* 39 South. 1024); yet, where, as in this case, the order is signed by the judge of probate and it appears from the order itself that it was made by the judge, and not the court, this court will not adopt the technical view that the order is void (*Moss v. Mosely,* 148 Ala. 193, 41 South. 1012).

The order of the judge of probate denying the petitioner's discharge will be reversed and annulled, and one here rendered discharging the petitioner.

Reversed and rendered.