42 So.2d 693

### POWELL v. STATE.

#### 4 Div. 565.

Supreme Court of Alabama.

Oct. 6, 1949.

Rehearing Denied Nov. 10, 1949.

42

Alto V. Lee, III, and Huey D. Mc-Inish, of Dothan, for petitioner.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., opposed.

BROWN, Justice.

■ We are of opinion that the writ of certiorari should be denied·for the reason that the merit of the plea of former jeopardy cannot be tested by petition for writ of habeas corpus, but must be specially pleaded to the indictment or it is waived. Jordan v. State, 81 Ala. 20, 1 So. 577.

Writ denied.

FOSTER, LAWSON and SIMPSON, JJ., concur.

On Rehearing.

BROWN, Justice.

Under the agreed facts the petitioner, while under indictment in the Circuit Court of Houston County for assault with intent to murder one Oke Hutto, interposed a plea of guilty on October 11, 1948, for assault and battery and paid a fine of one hundred dollars and court costs incident to that case. At the time of the interposition of the plea of guilty, Hutto was alive, had left the hospital and returned to his home. Hutto died on October 28, 1948, from the gun shot wound inflicted on him by petitioner in the same encounter on which the first indictment was predicated. On February 17, 1949, petitioner was indicted by a grand jury duly impaneled in the Circuit Court of Houston County for murder in the first degree and is now in custody under the process issued under said indictment. Now he seeks to be discharged from such custody on the ground that the judgment of the court on his plea of assault and battery placed him in jeopardy of life and liberty and he cannot again be put in jeopardy under the pending indictment.

The statement of the facts gives a negative answer to this .contention. Under the facts stated, at the time petitioner voluntarily entered his plea the circuit court had not acquired jurisdiction of the offense of the·murder charge. Nor could such jurisdiction have been invoked at that time for the reason that Hutto was then alive. Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500, Ann. Cas. 1913C, 1138.

The statute, Code of 1940, Title 15, § 28, provides inter alia:

"If it appears that the party is in custody, by virtue of process from any court legally constituted, or issued by any officer in the course of judicial proceedings before him, authorized by law, he can only be discharged:

"(1) Where the jurisdiction of such court has been exceeded, either as to matter, place, sum, or person.

*   *   *   *   *   *

"(3) Where the process is void in consequence of some defect in matter or substance required by law.

*   *   *   *   *   *"

■ The process under which petitioner was in custody not being void, a plea of former jeopardy could be litigated only in the circuit court wherein the indictment for murder was pending. Ex parte State ex rel. Attorney General, 150 Ala. 489, 43 So. 490, 10 L.R.A., N.S., 1129, 124 Am.St.Rep. 79; King v. State, 16 Ala.App. 341, 77 So. 935.

The petitioner is not aided by State v. Blevins, 134 Ala. 213, 32 So. 637, 92 Am. St.Rep. 22; Hazelton v. State, 13 Ala. App. 243, 68 So. 715.

In the first case cited the defendant was put on trial before a court of competent jurisdiction for an offense of which the court had jurisdiction. And

the court, instead of pronouncing upon the defendant's guilt or innocence of the offense with which he was charged and for which he was being tried, bound him over to await the action of the grand jury for an offense not covered by the proceeding.

In the Hazelton case, supra, to quote from the opinion, the Court said: "The sole question here propounded is whether or not the recorder had final jurisdiction to pronounce upon the guilt or innocence of the defendant on these charges. Both of the offenses were committed, if at all, within the police jurisdiction of the town, and are punishable by fine and imprisonment in the county jail or by sentence to hard labor for the county, and are, therefore, misdemeanors. * * *"

In that case the recorder in place of pronouncing on the guilt or innocence of the defendant for the offense charged against him, bound him over to the grand jury to await an indictment for a felony which was not charged against him in the complaint on which he was tried.

▮ It has long been the settled law that where a defendant is put on trial before a court having jurisdiction of the offense and the trial is proceeded with under a plea of not guilty and the judgment entered is not in accordance with the court's jurisdiction of the offense charged, the court has no power to hold him for another offense or a higher offense not charged in the complaint on which he was tried. See Ex parte Pruitt & Harper, 99 Ala. 225, 13 So. 317.

These decisions are not apt authority in this case. The circuit court of Houston County in which the indictment was pending is the only forum in which the question of former jeopardy can be litigated.

The application for rehearing is, therefore, overruled.

Application overruled.

FOSTER, LAWSON and STAKELY, JJ., concur.