ON REHEARING
LEIGH M. CLARK, Supernumerary Circuit Judge.
Impressed by the obvious sincerity of appellant’s contention, on application for rehearing, that our opinion herein is in conflict with State v. Bush, 12 Ala.App. 309, 68 So. 492, and Ex parte Simpson, 3 Ala. App. 222, 57 So. 518, we reexamine said cases.
In Bush, a justice of the peace issued a warrant commanding an officer to bring *415 Bush before the circuit court. The justice of the peace had no such authority. The court on appeal from a denial of habeas corpus held the warrant absolutely void and ordered petitioner discharged — from the particular invalid proceeding. There is nothing to indicate that the prosecution was held to be precluded from instituting a valid proceeding against defendant for the same offense.
In Ex parte Simpson, the county court, acting in its capacity as magistrate by whom a warrant of arrest for a felony had been issued and to whom it was returned, had not conducted a preliminary hearing. The proceeding was still pending in the county court when the grand jury investigated the matter and found no bill, but recommended that the matter be referred to the next grand jury for investigation, and the solicitor obtained an order of the city court (then possessing the jurisdiction of a circuit court), directing that defendant “be held * * * to answer any indictment by the next grand jury.” It was held that the recommendation of the grand jury, as distinguished from an indictment, gave the city court no jurisdiction over defendant. It was held that the county court still had jurisdiction for the purpose of conducting a preliminary hearing. In Ex parte Simpson, it was stated:
“The mere recommendation by a grand jury to a trial court can certainly confer upon such court no jurisdiction to do anything or make any order in a case over which it has no jurisdiction.”
In the opinion it was also stated:
“Grand juries, in cases like the present, can confer jurisdiction upon a court by returning an indictment, and in no other way.”
In Bush, supra, and m Ex parte Simpson, supra, it was definitely held that defendant was entitled to a preliminary hearing in a proceeding pending before a magistrate, but a preliminary hearing is not a prerequisite to an indictment, and after a grand jury indicts, there is then no occasion for a preliminary hearing.
The application for rehearing is overruled.
APPLICATION OVERRULED; OPINION EXTENDED.
All the Judges concur.