## *Ex parte* Champion.

### *Application for Mandamus.*

*Habeas corpus ; petition for, what sufficient* — A petition for *habeas corpus* containing the statements prescribed by section 4262 of the Revised Code, and verified as required by section 4261, is not demurrable because it fails to allege that the petitioner is illegally restrained of his liberty.

*Same ; duty and authority of probate judge* — A prisoner, not under indictment, committed by a justice of the peace after preliminary investigation, may apply to the probate judge for a writ of *habeas corpus*, and it is the duty of the judge to hear and pass upon the evidence touching the prisoner's guilt, and to discharge him if it appears that no offence has been committed, or there is not probable cause for charging the prisoner with it.

*Same ; practice indicated.* — If the prisoner has been committed after investigation before a duly authorized officer, he should not be discharged unless the witnesses previously examined against him, if still living and attainable, are produced and examined. If any material witness, who testified on the examination, is absent on the hearing, the prisoner should not be discharged, but the amount of bail fixed, if the case be bailable, and the prisoner detained until it is given.

THIS was an application by Henry M. Champion for *mandamus* to compel the probate judge of Pike county to hear and determine evidence in regard to the cause of the imprisonment of petitioner, who had been brought before him on *habeas corpus*. The grounds of the motion are fully set forth in the opinion.

JOHN D. GARDNER, for petitioner. — The petition could not be demurrable ; it was properly verified and contained all the allegations required by the Code. *Mandamus* is the proper remedy. 30 Ala. 461. *Ex parte Mahone* (30 Ala. 49) shows that the probate judge had jurisdiction, and that he will be compelled to exercise it by *mandamus*.

JNO. W. A. SANFORD, Attorney General, *contra.*

MANNING, J. — The prisoner Champion, by petition to the judge of probate of Pike county, showed that he was restrained of his liberty in the jail of that county by the keeper thereof, upon a commitment of a justice of the peace charging him with having committed rape, — and prayed that by the

writ of *habeas corpus* he be brought before said judge to do and receive what should be considered concerning him.   The writ was issued, prisoner was brought by the jailer before the judge, and the county solicitor being present, demurred to the petition.

The grounds of demurrer were principally, that it was not averred in the petition, and it did not appear thereby, that the prisoner was illegally restrained of his liberty, but rather the contrary.   The judge sustained the demurrer, dismissed the petition and writ of *habeas corpus*, " and refused to hear any witnesses touching the guilt or innocence of the prisoner, or to inquire in any way into the cause of said imprisonment or restraint : to all of which the prisoner excepted."

The petition contains exactly what is prescribed in section 4262 of the Revised Code, and is verified by affidavit according to section 4261.   The former section does not require that in addition to the averments made in the petition, it shall also set forth that the prisoner is illegally restrained of his liberty.   Of course, though, this must be shown by the evidence, before the magistrate that issued the writ of *habeas corpus* would be justified in discharging the prisoner unconditionally.   But is the petition demurrable because it does not assert the innocence of the prisoner, or declare that he is illegally held in custody ? This question has not before, we believe, been presented in this court for an answer.   But doubtless there is a reason why the statute law, that so particularly, and at so much length, prescribes the process by which any person in confinement shall have the benefit of that great writ of liberty, does not require him to allege that he is illegally imprisoned.

By section 4261 of the Code, the petition in such a case must be sworn to.   And the humanity of our law is such, that not only is a person held to be innocent until by some judicial proceeding he has been ascertained to be guilty, but the Constitution further provides, " that he shall not be compelled to give evidence against himself, or be deprived of life, liberty, or property, but by due process of law."  ' To require of a prisoner, therefore, in the petition in which he sets forth that he is restrained of his liberty, — and by whom, and where, and on what pretence he is so restrained, — to say in addition, that he is illegally restrained, and make oath thereto, might be an infringement of his constitutional right to stand unquestioned and presumably innocent in the presence of his accusers.   The petition, therefore, was not subject to the demurrer interposed by the solicitor ; and the judge of probate erred in sustaining it, and in thereupon dismissing it and the writ of *habeas corpus*.

The prisoner was in custody upon a warrant of commitment,

[Gassenheimer v. State.]

after a preliminary examination, by a justice of the peace; and no indictment had been found against him. When he was brought before the judge of probate upon *habeas corpus*, he was entitled to require of the latter that he should hear and pass upon the evidence in regard to his guilt, — and to be discharged, if it should appear that no offence had been committed, or that there was no probable cause for charging the prisoner therewith. *Ex parte Mahone*, 30 Ala. 49.

Of course on such an examination, the judge making it should be careful to see that the proper legal steps be taken to get all the evidence on the question of the prisoner's guilt. And if the latter had been committed, after a prior investigation by an officer authorized by law to make it, the prisoner ought not to be discharged, without all the witnesses that had been previously examined against him, if still living and attainable, being produced and examined. In the absence of any material witness who previously testified in the examination against him, the question for consideration should relate only to the amount of the bail, if the case be bailable; and if it be not, the prisoner should be remanded by the judge into custody to be safely kept until discharged by due course of law.

Great strictness in the forms of proceedings are not required in cases of *habeas corpus*. Section 4279 of the Revised Code indicates the course that ought usually to be pursued.

Upon the motion of the prisoner, Henry M. Champion, it is ordered that a rule *nisi* be issued from this court to the Hon. URBAN L. JONES, judge of probate of Pike county, requiring him to show cause before this court, on Thursday the 22d day of July instant, why a writ of *mandamus* shall not issue, commanding him to hear the evidence in regard to the imprisonment of said Champion, and to do right and justice in the premises according to law.