# *Ex parte* Robinson.

*Application for Discharge on Habeas Corpus.*

1. *Application for discharge or bail; examination of witnesses; practice.* When a person has been regularly committed on a criminal charge, and makes application for bail or a discharge on *habeas corpus*, the State may rely on the *prima facie* case made by the order of commitment; and the petitioner is not entitled to bail, or a discharge, on the evidence adduced by him, unless the witnesses examined on the preliminary investigation are produced, or their absence is accounted for; but, when witnesses on the part of the State are produced and examined, and their testimony fails to establish the charge, the petitioner is entitled to relief, although it does not appear that these were the same and the only witnesses examined on the preliminary investigation.

2. *Agent of foreign insurance company; criminal liability of.*—As to the criminal responsibility of an agent of a foreign insurance company, which has not complied with the statutory regulations limiting its right to do business in this State, sections 1205 and 3897 (Code of 1886) are to be construed together, both being parts of the same general statute approved December 12th, 1884; and under said former section (1205), defining who are agents, a person who, as agent, "inspects a risk" for the company, is not within the provisions of the latter section (3897), unless it was done "in the making of a contract of insurance."

[Ex parte Robinson.]

APPLICATION by petition of George H. Robinson, for the writs of *habeas corpus, certiorari*, or such other remedial writ as may be necessary to procure his discharge from the custody of the sheriff of Mobile county, under a commitment by Mayor Rich of Mobile, on a charge of "acting as agent for an unlicensed foreign insurance company." Application for a discharge was first made to Hon. O. J. SEMMES, of the City Court of Mobile, by whom it was refused; and the application to this court is based on the bill of exceptions reserved on the hearing before him.

GREG. L. SMITH, for the petitioner.—Section 3897 of the Code, under which the petitioner is prosecuted, if construed by itself, must receive a strict construction; since the word *agent*, construed literally, would include an attorney who appeared as counsel for an unlicensed. foreign insurance-company, and a servant who performed only menial offices under its employment; a construction which would violate its spirit, meaning, and purpose. A reasonable construction of the section will limit it to persons who assume to act as agents, either in making contracts, or otherwise dealing with third persons. But this section must be construed in connection with section 1205, both relating to the same subject-matter, and forming parts of the same original statute; and this latter section (1205), by all rules of interpretation, only applies to a person "who inspects any risk," when it is done "in the making of a contract of insurance." But the statute, it is submitted, is unconstitutional in making an unjust discrimination against citizens of other States, since it equally applies to corporations and partnerships.

W. L. MARTIN, Attorney-General, for the State.—The petitioner was in custody under a regular commitment, and the record does not show that the witnesses, on whose testimony he was committed, were examined on the application for a discharge.—*Ex parte Champion*, 52 Ala. 311. On the evidence adduced, there can be no doubt that the defendant committed one of the acts of agency specially prohibited— inspected a risk; and if his principal was a partnership, he must prove that fact before he can assail the unconstitutionality of the statute as applicable to partnerships.—3 Brick. Digest 127, §§ 17, 18; *Roney v. Moss*, 74 Ala. 390.

SOMERVILLE, J.—The petitioner was held in custody under the *mittimus* of a magistrate, for acting as agent for

[Ex parte Robinson.]

an unlicensed foreign insurance company, contrary to the provisions of section 3897 of our present Criminal Code. Code, 1886, vol. 2, § 3897. On application for release by *habeas corpus*, to the judge of the City Court of Mobile, he was, after due investigation, remanded to the custody of the sheriff, to answer an indictment for the alleged offense, with the right, however, of bail in the meantime. The application for discharge is renewed before this court.

It is insisted for the State that, under the rule laid down in *Ex parte Champion*, 52 Ala. 311, the application should be denied, on the ground that the prisoner was regularly committed, after investigation by a duly authorized officer, and the bill of exceptions fails to show that the witnesses, previously examined against him before the committing magistrate, were again examined on the trial before the city judge, or that it was impracticable for any reason to produce them. Conceding the soundness of this principle, which seems to be supported by the decision cited, the present case, in our judgment, is taken out of its influence. The evidence shows that the State did not rest on the *prima facie* case made by the *mittimus*, as might well have been done, but proceeded to examine witnesses, with the view of corroborating the charge. In doing so, a specific case was disclosed, which seems to us not to be in violation of the statute; and this case, we must assume, was the one, and the only one, covered by the magistrate's process of commitment.

The offense charged, as we have said, is acting as agent of an unlicensed foreign insurance company, which is punishable by fine in a sum equal to the State, county and municipal tax required to be paid by such company for license, and five hundred dollars, in addition thereto; and on second conviction, by a still heavier fine, and imprisonment, or hard labor.—Code, 1886, 2 vol. § 3897.

The prisoner was proved to have merely *inspected* a risk already taken by an unlicensed foreign insurance company. He did not, directly or indirectly, solicit any risks, or offer to make any contract of insurance whatever.

What is meant by "acting as agent" of such insurance-company? This is answered by section 1205 of the Civil Code, 1886, which reads as follows:

"§ 1205. *Who are agents of foreign insurance-companies.* Any person who solicts insurance on behalf of an insurance company, not incorporated by the laws of this State, or who, other than for himself, takes or transmits an application of

insurance, a premium of insurance, or a policy of insurance to or from such company, or in any way gives notice that he will receive or transmit the same, or receives or delivers a policy of insurance in such company, or who *inspects any risk*, or makes or forwards a diagram of any building, or does any *other* thing *in the making of a contract of insurance*, for or with such company, other than for himself, or examines into, adjusts, or aids in examining into or adjusting, any loss for such company . . *shall be held to be the agent* of the company for which the act is done, and such company held to be doing business in this State."—Code, 1886, § 1205.

This section of the Civil Code, and section 3897 of the Criminal Code, making it an indictable offense to act as agent for unlicensed foreign insurance companies, both are found in the same original act, constituting, as they do, sections 16 and 17, respectively, of the general revenue law approved December 12, 1884. They must, therefore, be construed together. The specific acts which are there made indictable, are the doing or performing any of the acts of agency mentioned in section 16, which are identical with those specified in section 1205 of the Code.—Acts 1884–85, pp. 19–20.

The act of *inspecting* a risk, unless it is done "in the *making of a contract* of insurance," or, as the original act expresses it, "in the making or consummating any contract of insurance [by an agent] for or with any such company other than for himself," obviously does not fall within the prohibited acts of agency. The phrase—"does any *other* thing"—limits the meaning of the generic terms previously employed, to the specific class immediately afterwards designated, viz., any act or thing done "in the making of a contract of insurance." In other words, on a principle of construction well settled, the phrase—"who inspects any risk"—as used in the statute, must be construed *ejusdem generis* with the associated phrases—who "takes or transmits an application for insurance," or "a policy of insurance," or "premium of insurance," or who "receives or delivers a policy of insurance," and other like expressions, all of which are confined, by the terms of the statute, to "the making of a contract of insurance."—Endlick on Statutes, § 406; *Amos v. State*, 73 Ala. 498. This interpretation is made perfectly plain by the words of the original act.—Acts 1884–85, p. 20, § 17.

[Ex parte Robinson.]

It follows from these views, that the act for which the petititioner was detained was no violation of law, and that he is, therefore, entitled to be discharged from custody.

The writs of *habeas corpus* and *certiorari* will accordingly be awarded by this court, to bring the petitioner before us, together with the proceedings had before the judge of the City Court of Mobile, unless, on another application renewed before him, he shall order the petitioner to be discharged from custody.