|100   65|
|138  112|

# *Ex Parte* **William West.**

*Application for Discharge on Writ of Habeas Corpus.*

1. *Burden of proof on petitioner to overcome presumption arising from, commitment regular on its face.*—Where on a petition for discharge from custody on a writ of *habeas corpus* the sheriff's return shows the petitioner is held under a commitment regular in form and issued by a lawful officer, the return shows *prima facie* that the prisoner is in legal custody, and the burden then devolves on the prisoner to overcome the legal presumption arising from such commitment; when this has been accomplished by the prisoner, the State should introduce evidence to sustain the commitment.—(*Ex parte* Champion 52 Ala. 311 criticised).

2. *Same.*—The petitioner being in confinement on a charge of arson applied for his discharge under a writ of *habeas corpus;* the sheriff's return showed that he was held under a commitment regular in form, issued by a lawful officer; all the witnesses who were examined on the preliminary hearing were present, but only two of them were examined by the defendant on the *habeas corpus* proceeding, and the State offered no testimony. The testimony of one of the witnesses tended to prove an *alibi;* the prisoner moved for his discharge, which was resisted by the prosecution, and the probate judge refused to discharge the prisoner. Held, that inasmuch as the trial judge had the witness before him, saw her manner of testifying, and heard all her testimony, the revising court cannot say the trial judge erred in holding that the testimony of the witness had not overcome the presumption against the petitioner, and the petition was denied.

Petition for writ of *habeas corpus* for discharge on bail, which had been refused by the Hon. W. W. MORRIS, Probate Judge of Dale county.

The petitioner being confined in jail on a charge of arson made application to the Probate judge of Dale county for his discharge on *habeas corpus.* The sheriff for answer or return to the writ showed that the petitioner was held in custody under a *mittimus* regular in form, issued by a justice of the peace. All the witnesses who were examined on petitioners' preliminary examination were present, but only two of them were introduced by the petitioner before the Probate judge. One of the witnesses testified that petitioner and his wife lived in the same house with witness and her

husband, which was about a quarter of a mile from the house that was burned; that on the night of the fire witness, petitioner and his wife, sat up together in the same room until 1 o'clock, when petitioner and his wife retired to their room, and went to bed.    On cross-examination, the witness testified that it was possible for a fast walker to go from her house to the house that was burned and back to her house by 10 o'clock, the hour of the fire, but that the petitioner did not leave her house from dark until he went to his room at 1 o'clock that night.    The State offered no testimony, and the petitioner asking for his discharge, the State objected on the ground that all the witnesses who were examined on the preliminary hearing had not been examined, and that it was the duty of the petitioner to examine all such witnesses, both those for the State and those for the defendant.    The court refused to discharge the petitioner, and to this ruling he duly excepted, and renews his application in this court.

CHARLES WILKINSON and W. D. ROBERTS, for the petitioner.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The petition and record show that petitioner was regularly tried before a committing officer, for the offense of arson, and committed to jail in default of giving bail in the sum of four hundred dollars for his appearance to answer an indictment that might be preferred against him for such offense.    From this imprisonment he sued out a writ of *habeas corpus* returnable before the Probate judge of Dale county.    The sheriff made due return in accordance with the facts stated.    All the witnesses who were examined before the committing magistrate, were present and sworn as witnesses at the hearing of the *habeas corpus* proceedings. Only two were examined by the petitioner, and the testimony of one of them, if believed, tended to prove an *alibi*. The petitioner then rested.    The prosecutor demanded that the petitioner be required to examine the witnesses present in court, who were examined by the committing magistrate. The petitioner declined to introduce further testimony, and the prosecution declined to introduce testimony.    The petitioner then moved for his discharge, which motion was denied, hence the present application to this court.

In the case of *Ex parte Champion*, 52 Ala. 311, it is said: "After a prior investigation by an officer authorized by law to make it, the prisoner ought not to be discharged without

VOL. C.

[Ex parte William West.]

all the witnesses that had been previously examined against him, if still living and attainable, being produced and examined. In the absence of any material witness who previously testified against him, the question for consideration should relate only to the amount of bail, if the case be bailable." This case was cited, without an express affirmance or dissent in the case of *Ex parte Robinson*, 86 Ala. 622. The case of *Champion*, 52 Ala. *supra* was one in which there was an application for a *mandamus*, to compel the judge to hear the evidence, and the question was properly decided. All that was said as to how the investigation should be prosecuted and the duty of the judge to re-examine all the witnesses who were examined on the preliminary trial, was *dictum*. The return of the sheriff showed *prima facie* that the prisoner was in legal custody. The burden then devolves on the petitioner to overcome the legal presumption arising from a commitment regular in form by a lawful officer. When this has been accomplished by the prisoner, the State should introduce evidence to sustain the commitment.—*Ex parte McGlawn*, 75 Ala. 38; *Ex parte Tate*, 76 Ala. 482, 486; Code of 1886, § 4785, sub-div. 4.

The return of the sheriff showed that the prisoner had been regularly committed in default of bail, and *prima facie* his restraint was legal. The jurisdiction of the committing court, was unquestionable, and the facts of the sheriff's return, not assailed. Under the practice in this State, the prisoner had the right to go behind the return, and show if he could, either that no offense had been committed, or if committed, there was not probable cause for holding the petitioner in custody to answer the charge.—Sub-div. 4 § 4785 of the Code *supra; Ex parte Riley*, 94 Ala. 82. This burden rested upon petitioner.

We are of opinion the judgment of the court can be upheld upon other grounds, than the rule declared in 52 Ala. *supra.*

The property burned was located about a quarter of a mile from where petitioner lived. The room occupied by him was not the same as that occupied by the witness. She testified that defendant and his wife sat in the room with her from dark until 1 o'clock at night, during which period the burning occurred. The trial judge had the witness before him, saw her manner of testifying, heard all her testimony, and we can not say that the trial judge erred in holding that her testimony had not overcome the presumption against the defendant.—*Bonner v. State*, 55 Ala. 242.

Petition denied.