# Mobile Light & Railroad Co. *v.* George.

## *Damages for Killing Animal.*

(Decided Dec. 19, 1911. 57 South. 50.)

*Courts; Jurisdiction; Amount in Controversy.*—In a suit for negligent personal injury, or for injury to animal, where the complaint demands exactly $50.00, the circuit court has no original jurisdiction under the provisions of section 143, Constitution 1901.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by L. B. George against the Mobile Light & Railroad Company for $50.00 damages, for the negligent killing of an animal. Judgment for plaintiff, and the defendant appeals. Appeal dismissed.

35 CA.

GREGORY L. & H. T. SMITH, and WILLIAM G. CAFFEY, for appellant. The complaint claimed exactly $50.00 in a suit for injury to an animal, and the court was without jurisdiction to hear and determine the cause; hence, the judgment is void.—*McClure v. Leigh*, 30 Ala. 208; Sec. 3255, Code 1907; Sec. 143, Const. 1901. The want of jurisdiction in this instance was not waived by submission to a trial.—3 Mayf. 1196. Counsel discuss the matters reserved by bill of exceptions, and cite authority in support of their contention, but it is not deemed necessary to here set them out.

F. K. HAILS, Jr., for appellee. No brief reached the Reporter.

DE GRAFFENRIED, J.—This suit was brought in the circuit court of Mobile County by the appellee against the appellant, and the amount sued for in his complaint was exactly $50. The appellee claimed the above sum of the appellant, because he alleged that an animal of his, through the negligence of the servants of the appellant, acting within the scope of their employment, was killed. There was a trial by jury, a verdict for something less than $50, and a judgment on said verdict, and this appeal is taken to reverse said judgment.

Section 143 of the Constitution provides that the circuit court, "in civil cases, other than suits for libel, slander, assaults and battery, and ejectment, shall have no original jurisdiction except where the matter or sum in controversy exceeds $50." Section 3255 of the Code provides that the circuit court has authority "to exercise original jurisdiction of all felonies and misdemeanors; of all actions for libel, slander, assault and battery, and of ejectments, without regard to the amount

[Means v. Morgan.]

involved; and of all other suits and actions at law when the matter or sum in controversy exceeds $50.

As the appellee brought this suit in the circuit court, and as it is not a suit for libel, slander, assault and battery, or ejectment, but is a civil suit, and as the amount claimed in the complaint is exactly $50, it is evident that the circuit court had no original jurisdiction to try the case, and the judgment rendered by it against the appellant is therefore manifestly void.—*Mc-Lure v. Lay*, 30 Ala. 208. We have, therefore, in this case, an appeal from a void judgment, and this court has nothing therefore before it. The appeal is dismissed.

Appeal dismissed.