# Ex parte Simpson.

*Habeas Corpus.*

(Decided Jan 18, 1912.   57 South. 518.)

1. *Criminal Law; Commitment; Jurisdiction.*—Where a warrant was issued for petitioner's arrest by the county judge acting as a committing magistrate, and before the preliminary trial the grand jury meets, but fails to find an indictment, and requests that the accused be held for further investigation, such action did not oust the jurisdiction of the county judge as a committing magistrate and give to the city court of Gadsden jurisdiction to make an order requiring petitioner to be held for indictment by the next grand jury.

2. *Same; Holding for Subsequent Grand Jury.*—Where a defendant is found over by a committing magistrate to a trial court having jurisdiction of a cause, such court may, for good cause shown continue the case for further investigation by another grand jury.

3. *Same; Holding Accused; Order; Collateral Attack.*—Where the committing magistrate had not then given the defendant a preliminary trial, the city or circuit court had no jurisdiction to make an order holding the defendant for investigation by another grand jury, and hence, the order was void, and could be attacked in any court.

4. *Same; Preliminary Trial.*—Where a city court having the powers of a circuit court made a void order holding petitioner for further investigation by the grand jury, and the order was void because the committing magistrate who issued the warrant had not given the defendant a preliminary trial, this void order would not deprive the committing magistrate of jurisdiction to hold the preliminary trial.

[Ex parte Simpson.]

5. *Same.*—Under the facts in this case, if the evidence at the preliminary trial does not show probable cause for believing the defendant guilty of the offense charged, he is entitled to his discharge, but if it showed probable cause for believing him guilty, he should be held to answer the indictment.

6. *Habeas Corpus; Purpose of Writ; Discharge Before Preliminary Trial.*—Where a defendant is charged by affidavit and warrant before a committing magistrate with a crime as to which such magistrate only had jurisdiction to hold a preliminary trial, such defendant remained within the jurisdiction of the committing magistrate until after the preliminary trial, and hence, habeas corpus will not lie to discharge him before such trial, although mandamus will lie to compel the committing magistrate to grant a preliminary trial if he refuses to do so.

7. *Same; Purpose of Writ; Commitment.*—After preliminary trial, and before indictment the legality of the defendant's commitment may be inquired into upon habeas corpus, and the defendant discharged if there appears no probable cause for believing him guilty.

APPEAL from Etowah Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Application by Jesse Simpson for a writ of habeas corpus to be discharged from custody. From an order quashing the proceeding, relator appeals. Affirmed.

BOYKIN & BAILEY, for appellant. The order of the city court was void, and therefore, could be attacked collaterally in any court. The rule is that the jurisdiction of a committing magistrate when it once attaches cannot be usurped or ousted by habeas corpus proceedings.—*State v. Humphries,* 125 Ala. 110. But it is also the rule that a petitioner may go behind the returns and show that no offense has been committed, or that there is no probable cause for believing he is guilty of any offense.—*Riley's case,* 94 Ala. 82; *Ex parte West,* 100 Ala. 67; *State v. Shugart,* 138 Ala. 86; *State v. Young,* 139 Ala. 136. Counsel then cite cases criticising the affidavit and insisting that it charges no offense. The defendant was entitled to the writ.—*Ex parte Stewart,* 98 Ala. 66. No proper case was made for the issuance of the order holding the prisoner and hence, he is entitled to his discharge.—Authorities supra.

[Ex parte Simpson.]

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. If the grand jury has adjourned without finding an indictment, and no order had been made continuing the case, the prisoner would have been entitled to his discharge.— *Rogers v. The State,* 79 Ala. 59; *Ex parte Sternes,* 104 Ala. 93; *State v. Graham,* 136 Ala. 136. Where, however, a proper order is made, the prisoner is properly held.—*State v. Kyle,* 99 Ala. 256; *State v. Fuller,* 128 Ala. 45; *Young v. The State,* 131 Ala. 51. The order of the judge continuing the case was regular on its face and the judge of the circuit court was without authority to inquire into the legality, justice or propriety thereof. —*Ex parte Burnett,* 30 Ala. 461; *Ex parte Coburn,* 38 Ala. 237; *Ex parte Hubbard,* 65 Ala. 473; *Ex parte Pearce,* 111 Ala. 99.

DE GRAFFENRIED, J.—Jesse Simpson was arrested by the sheriff of Etowah county, without a warrant, on the 30th day of November, 1911. After the arrest, the sheriff went before the judge of the county court and made an affidavit, charging the defendant with murder, and a warrant was then obtained, authorizing the arrest of the defendant under the charge of murder.

On the 4th of December, 1911, the grand jury of Etowah county was impaneled and adjourned on the 9th. The affidavit and warrant against the defendant were sent by the judge of the county court to the grand jury, and the grand jury made an investigation into the case, but found no bill against the defendant. On the 12th of December, the defendant, through his counsel, appeared before the judge of the county court and demanded a preliminary trial; but the judge of the county court stated that there was no case in his court against the defendant, and declined to grant the defendant a

preliminary trial. Thereupon, on the 13th day of December, the defendant filed with the judge of the circuit court a petition for a writ of habeas corpus, setting up the fact of his arrest and the issuance of a warrant, and also that the grand jury had investigated the case and found no bill, and that the judge by whom the warrant authorizing the defendant's arrest had been issued had declined to grant the defendant a preliminary trial. Thereupon it appears that the solicitor of the circuit appeared in the city court of Gadsden, which is a court possessing all of the powers of a circuit court, and prayed for and obtained from the court, on the 14th day of December, the following order: *"State v. Jesse Simpson,* Dec. 14, 1911. No indictment having been found by grand jury and grand jury requesting that the defendant be held for further investigation of this case by the next grand jury, on motion of solicitor this cause is continued for investigation by the next grand jury, and defendant ordered to be held to answer any indictment by next grand jury, if it should be found for the offense."

The judge of the county court, before whom the affidavit against the defendant was made, and who issued the warrant authorizing his arrest, was, so far as this case is concerned, only a magistrate charged with the duty of giving to the petitioner a preliminary hearing; and at the time the petition for the writ of habeas corpus in this case was filed with the judge of the circuit court, so far as this record discloses, he was still charged by law with giving to the petitioner a preliminary trial. The mere fact that the grand jury of Etowah county, after the issuance of a warrant, and before a preliminary trial was had, made an investigation into the defendant's case and failed to find a bill in no way ousted the jurisdiction of the county judge as a committing magistrate.

15 CA

The petitioner, not having been given by the judge of the county court a preliminary trial, as provided in article 3 of chapter 275 of the Code (Code 1907, pp. 852-859), was never, so far as this record discloses, within the jurisdiction of the city court of Gadsden. It is the purpose of the above article of the Code to provide a speedy, fair, and convenient method of ascertaining whether a defendant, charged before a magistrate with a crime over which he has no final jurisdiction, shall be discharged from the prosecution because of an absence of probable cause for holding the defendant, or shall be held by the court possessing the power to try the case until it has caused a proper investigation of the case by its grand juries. If a defendant is properly bound over by a committing magistrate to a court having jurisdiction to finally try the defendant, if he is indicted by a grand jury, then, when such order of commitment is made by the magistrate, and the papers in the case are properly transmitted by the magistrate to the clerk of the trial court, the case immediately becomes a case over which such trial court has jurisdiction. In such a case the trial court may, within its discretion, for god cause shown, continue the case and keep it on its docket for further investigation by a grand jury after one of its grand juries has investigated it.— *State v. Kyle,* 99 Ala. 256, 13 South. 538; *State v. Fuller,* 128 Ala. 45, 30 South. 506; *Young v. State,* 131 Ala. 51, 31 South. 373. The mere recommendation by a grand jury to a trial court can certainly confer upon such court no jurisdiction to do anything or make any order in a case over which it has no jurisdicion. Grand juries, in cases like the present, can confer jurisdiction upon a court by returning an indictment, and in no other way. When the grand jury made the recommendation to the city court of Gadsden that it hold the pe-

tioner for further investigation, there was not, and, so far as the record discloses, never had been, a case pending in that court against the petitioner. A case was then pending against petitioner before the judge of the county court of Etowah county, as a committing magistrate, and only before the judge of such court. The city court of Gadsden was therefore without jurisdiction to make the above-quoted order. As this is true, the order was void and of no effect. Its validity can be challenged in any court.—*Mobile L. & R. Co. v. George,* 2 Ala. App. 545, 57 South. 50; *Corn Products Refining Co. v. Dreyfus Bros., Infra,* 57 South. 517.

The petitioner does not allege in his petition, which was filed before said void order of the city court of Gadsden was made, that the solicitor was present when he applied to the judge of the county court for a preliminary trial on December 12th; and he does not allege in his petition that said judge of the county court refused to grant him a preliminary trial on account of any motion made or other act done by the solicitor before said county court judge as a committing magistrate. We presume that the judge of the county court refused to grant the preliminary trial because, under a misapprehension of the law, he thought that the case was properly within the jurisdiction of the city court of Gadsden, and therefore not within his jurisdiction. The mere fact that the city court of Gadsden, under a mistaken view as to its authority in the premises, upon the motion of the solicitor, made a void order that the defendant should be held by the sheriff in no way affected the jurisdiction of the judge of the county court to give the petitioner a preliminary trial, and in no way absolved him from the duty which the law imposed upon him to hold such preliminary trial. So far as this record discloses, no order of any court has ever been made

by the judge of the county court in the prosecution instituted before him against the defendant at the instance of the solicitor or any person authorized to represent the state. There has therefore been no discontinuance of the presecution instituted before the judge of the county court.—*Drinkard v. State,* 20 Ala. 9.

The rule seems to be well settled that when an affidavit is made before a committing magistrate, charging the defendant with the commission of an offense as to which such magistrate has only the jurisdicion to hold a preliminary trial, the defendant remains within the jurisdiction of such magistrate until after the preliminary trial is held. If the magistrate refuses to grant a preliminary trial, he can be compelled to do so by a writ of mandamus; but the petition for a writ of habeas corpus cannot be filed, praying for the discharge of such a defendant, until after the preliminary trial is had.— *Humphrey's case,* 125 Ala. 112, 27 South. 969.

After the preliminary trial and before indictment, the legality of the defendant's commitment can always be inquired into upon a petition for a writ of habeas corpus; and if the facts of his case show that there is no probable cause for believing him guilty of the offense with which he is charged he is entitled to discharge from said prosecution.—*Ex parte West,* 100 Ala. 67, 14 South. 901; *Riley's case,* 94 Ala. 82, 10 South. 28.

In the present case, the defendant is held by the sheriff, so far as the allegations of the petition for the writ of habeas corpus are concerned, under a valid warrant, issued by the judge of the county court of Etowah county. The petitioner is entitled to a fair and speedy hearing of his case by said judge of the county court on a preliminary trial. If the facts adduced on such trial do not show that there is probable cause for believing that he is guilty of the offense with which he is

[Jones v. The State.]

charged, he is entitled, as a matter of right, to his discharge. If the facts developed upon such preliminary trial show that there is probable cause for believing him guilty of the offense with which he is charged, then he should be held to answer an indictment. The petition shows that the judge of the county court had jurisdiction of the defendant's case when the petition for the writ of habeas corpus was filed, and the circuit judge had no authority to oust the judge of the county court, as a committing magistrate, of his jurisdiction, by granting to the petitioner the writ of habeas corpus prayed for.

We are therefore of the opinion that the judge of the circuit court committed no error in quashing the proceedings in this cause, and the judgment of the court below is therefore affirmed.

Affirmed.