56 So.2d 388

## ALVIS v. STATE.

### 6 Div. 397.

Court of Appeals of Alabama.

Jan. 15, 1952.

Robt. A. Sapp, Cullman, for appellant.

Si. Garrett, Atty. Gen., Robt. Straub, Asst. Atty. Gen., and Robt. P. Bradley, Montgomery, of counsel, for the State.

PRICE, Judge.

Appellant was arrested under a warrant sworn out before the Honorable K. J. Griffith, Judge of the County Court of Cullman County, charging him with the offense of assault with intent to murder his father, Elmer Alvis.

He was committed to jail, in default of giving bail in the amount of $2000.00, to await the action of the grand jury.

Appellant filed his petition for a writ of habeas corpus before the Honorable Newton Powell, a Judge of the Eight Judicial Circuit, seeking release from imprisonment.

After hearing the testimony the Judge entered an order denying the writ and

remanding petitioner to jail, upon failure to give bail in the amount of $1000.00.

From said order or judgment this appeal was taken.

The affidavit, warrant, commitment by the Judge of the County Court, and the return of the Sheriff were introduced in evidence by the State.

 Petitioner objected to being required to introduce evidence before the State's testimony was introduced, which objection was overruled. This action of the court was without error. The papers were regular in form and the Sheriff's return showed prima facie that the prisoner was in legal custody. The rule is: "The burden, then, devolves on the petitioner to overcome the legal presumption arising from a commitment regular in form by a lawful officer. When this has been accomplished by the prisoner, the state should introduce evidence to sustain the commitment." Ex parte West, 100 Ala. 65, 14 So. 901, 902.

In the case of State v. Lacey, 158 Ala. 16, 48 So. 343, Judge Anderson observed: "As has been repeatedly held by this court, where there is a conflict in the evidence and the judge below sees and hears the witnesses, his conclusion on the facts will not be disturbed, unless his finding is contrary to the great weight or preponderance of the evidence." See also Ex parte West, 100 Ala. 65, 14 So. 901; State v. Wright, 23 Ala.App. 339, 125 So. 208; Ex parte Simpson, 3 Ala.App. 222, 57 So. 518.

 In this case the Judge had the opportunity of hearing the witnesses and observing their demeanor on the stand, and we are of the opinion from a reading of the entire testimony which, for obvious reasons, we do not set out herein that the facts adduced on the trial show that an offense had been committed and there was probable cause for charging defendant therewith. Ex parte Simpson, supra; Ex parte Riley, 94 Ala. 82, 10 So. 528; Ex parte West, supra.

We cannot say the court erred in holding petitioner was not entitled to be released from custody.

Affirmed.