291 So.2d 757

**Willie FLETCHER**

**v.**

**STATE.**

**8 Div. 417.**

Court of Criminal Appeals of Alabama.

Sept. 28, 1973.

Rehearing Denied Oct. 30, 1973.

Patton, Latham & Legge, Athens, for appellant.

William J. Baxley, Atty. Gen. and David W. Clark, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant under indictment returned May 15, 1972, for assault with intent to murder was convicted therefor by a jury on August 15, 1972, with punishment fixed by the trial court at four years imprisonment in the penitentiary.

Defendant on the main trial of the alleged offense was represented by appointed counsel. He was indigent. Likewise, due to such indigency, defendant is represented on this appeal by the same appointed counsel.

It appears from the record that on October 8, 1971, the defendant was arrested pursuant to a writ of arrest issued on October 4, 1971, by the clerk of the Limestone County Superior Court. The case was called for preliminary hearing on October 15, 1971, at which time the defendant was fully advised by the trial judge that he was entitled to a hearing. He was not adequately advised, if advised at all, that he was entitled to have an attorney to represent him on the preliminary.

It appears that the defendant had contacted but had not employed an attorney to represent him at the preliminary hearing. The defendant informed the court that he had talked with an attorney about representing him, but such employment had not gone beyond the talking stage. The quid pro quo was not forthcoming.

The defendant appeared at the preliminary hearing before the magistrate sans attorney when and where he entered a waiver of such hearing and was bound over to the grand jury without a hearing. Bail was fixed at $1,000.00 which was posted, thus, freeing him from the imprisonment pending the finding of the indictment, supra.

■ We think the record clearly shows that the waiver on the part of the defendant being without counsel and not being informed as to advantages of the hearing was a nullity.

■ Appellant's motion to quash the indictment because the defendant was not represented by counsel when he undertook to waive a preliminary hearing is without merit. Because the waiver was without legal efficacy, the magistrate did not lose jurisdiction of the case. Ex parte Simpson, 3 Ala.App. 222, 57 So. 518.

The defendant could have invoked appropriate legal procedure to obtain a hearing within the time and manner required by law, or, failing, that he be released from prosecution in the magistrate's court.

We pretermit discussing the legality of a magistrate's judgment or order binding a defendant to an action of the grand jury when no evidence was taken to establish probable cause, but action taken on defendant's waiver pursuant to advice of appoint-

ed or employed counsel. We limit our opinion to the facts, supra.

■ The defendant, out on bail, suffered no injury while the complaint against him lay dormant and inactive in the magistrate's court. In the absence of injury, we do not think that he can here complain. Coleman v. State 399 U.S. 1, 90 S.Ct. 1999(7), 26 L.Ed.2d 387.

■ The appellant next complains that the court committed error in overruling his objection to the argument of the District Attorney that defendant could have subpoenaed the police officers. Counsel said in court:

"MR. LEGGE: That argument that I could have subpoenaed the police officers assumes that I have access to the information from the police officers who to subpoena."

We must have examined the transcript of the evidence adduced on the trial of the merits of the alleged offense and we fail to find therein any reference whatsoever to police officers, and for aught appearing they did not investigate the case or aid the District Attorney in procuring evidence or in corralling witnesses.

We do find that the trial judge considered a motion on the part of the defendant to produce as follows:

"10. All written reports made by any law enforcement officer and furnished to the State of Alabama connected with the charges in the indictment against the defendant."

It further appears that the court heard evidence out of the presence of the jury on the motion to produce of which paragraph 10, supra, was a part.

The District Attorney made known to the court that his file did not reflect any statement signed by the defendant; that the Sheriff reported to him that there was no statement given by the defendant at that time or signed by the defendant. De-

fendant's counsel thereupon said: "I have no argument to make in support of it; no, sir."

So far as we have ascertained from the record, the police officers were not injected by designation into the motion to produce; only by the term "law enforcement officers" were the police officers included.

The District Attorney objected to the argument of the defense counsel (Mr. Legge). The objection is worded as follows:

"MR. MOEBES: We object to argument before the jury in regard to motions and things. That's completely outside the scope of the jury."

Upon inquiry of the court about the statement, the defense counsel answered:

"MR. LEGGE: I made the statement that I had filed a motion in this case asking to see the police reports. That the Judge overruled my motion."

Thereupon the court instructed the jury as follows:

"THE COURT: Well, that's not a matter for you to consider, Gentlemen of the Jury. The Court has already considered that and exclude that statement and sustain the objection."

This colloquy probably gave impetus to the remarks of the District Attorney, supra, that the defendant could have subpoenaed the police officers. In the first place, the defendant's counsel injected the police officers' reports; objection thereto was sustained. But the District Attorney in his argument continued the subject by stating the defendant could have subpoenaed the police officers.

So far as the record shows, the jury was not informed as to what went on before the trial court on the motion to produce and so far as they knew the police officers had nothing to do with the prosecution or defense pertinent to the alleged crime. The argument about the police officers was not calculated to influence the jury

one way or the other, it was just innocuous prattle on the part of the counsel for the state and the defendant.

We will not put the court in error for overruling the defendant's objection to the argument.

■ Appellant also complains that it was error for the trial court, as it did, to overrule his objection to the argument of the District Attorney to the jury. This objection was as follows:

"MR. LEGGE: Your Honor, we object to that portion of the District Attorney's argument that by a verdict of not guilty they would consent to the actions of the defendant in this case. We feel the law is clear that if he is not guilty there is nothing to consent to. The statement was made for the purpose of inflaming the Jury. We object and move for a mistrial."

We think that the argument was nothing more than an effort on the part of the District Attorney to impress the jury with the wisdom of adequately weighing well the contention of guilt on part of the state lest a verdict of not guilty be misconstrued as an approval of the defendant's conduct. The phraseology was nothing more than an exhortation for law enforcement. Embrey v. State, 283 Ala. 110, 214 So.2d 567.

We do not think the state's appeal, the subject of the objection, was calculated to create prejudice or ill will on part of the jury in such manner as would influence them to override their oath and instructions of the trial judge as to the applicable law.

We are unwilling to say that the argument with such mild phrasing was error to reverse.

We have examined the entire record and find it to be free from prejudicial error and find the rulings of the trial court to be free of error. We think the judgment should be and it is hereby affirmed.

The foregoing opinion was prepared by Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.

## ON REHEARING

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

■ The record does not support appellant's contention that he was financially improverished to the extent that he could not have employed counsel to obtain a preliminary hearing between the abortive waiver, supra, and the return of the indictment on May 15, 1972.

The record discloses that he talked with an attorney about his case prior to the attempted waiver; that when this conversation with the attorney took place, he had $70.00 on his person. Appellant, a single person until about June 14, 1972, testified that he was working 40 to 42 hours per week and making $2.25 per hour. He elected to prefer payment of some contractual obligations over the employment of an attorney to represent him on the preliminary before or after the so called waiver.

Besides, appellant's contention that he might have perpetuated at a preliminary hearing the testimony of a witness to the shooting, namely, the grandmother of the assaulted victim, is not necessarily a disadvantage. The testimony does not indicate that the witness, who died, would have testified favorably for him. What the witness would have sworn at such preliminary is entirely speculative.

Under the circumstances, we are unwilling to grant this rehearing. We overrule the application therefor.

The foregoing was prepared by Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this

Court under § 2 of Act No. 288, July 7, 1945, as amended; his decision is hereby adopted as that of the Court.

Application for rehearing overruled.

Opinion extended.

All the Judges concur.