Appellant-defendant, an indigent, was indicted for robbery. A jury convicted as charged and the court imposed a ten year sentence. *Page 314 
The record indicates that defendant was represented by appointed counsel at his trial in camera and on the merits of the case; also is here represented by the same appointed counsel.
It appears in the evidence adduced at the nisi prius trial on the merits that the victim was a middle-aged female who was attacked, molested sexually, and robbed while she was walking alone on an isolated road near her home in Bullock County at a spot near Union Springs. She resisted, but was overpowered manually by defendant. Defendant took about $70 in cash. She was abused and bruised.
It further appears that the victim immediately identified the defendant as her assailant. Likewise, the investigating officers found a watch at the scene of the alleged attack which they identified as the property of defendant.
Defendant took the stand after being fully and clearly advised in camera by the trial judge as to his rights to testify. He denied his presence at the scene, denied the attack and claimed an alibi. He also denied ownership of the watch. Defendant's father also testified that the watch did not belong to the defendant. The jury decided the factual issues in favor of the state.
 I
Appellant here contends inter alia that the trial court erred in refusing to quash the indictment because of improper proceedings in the juvenile court to which defendant was committed because of his age. He was fifteen years of age at the time of the commission of the alleged robbery.
Appellant-defendant asserts that the juvenile court did not comply with the "explicit procedural requirements and safeguards," set forth in Section 12-15-34, Code of Alabama 1975.
We have examined the record and find therein a copy of an order of the judge of the district court wherein it appears that the court heard evidence relative to the criminal record of appellant, who was then and there represented by an appointed attorney.
The court held that the defendant, based on a prior criminal record, was incorrigible and should be tried as an adult on the several charges of robbery, rape and assault with intent to murder, for which he authorized the execution of criminal warrants.
There was no appeal from this order.
The record before us does not disclose specifically what evidence was taken in the district court. There is nothing in the record coming to our attention which indicates that the district court did not comply with the mandates of Section 12-15-34, supra, relative to the transfer of cases from juvenile court to criminal court. In the absence of an affirmative showing to the contrary, we are unwilling to say that the juvenile court did not consider the mandatory provisions of said Section 12-15-34, supra. The judge of the circuit court did not err in overruling the motion to quash the indictment because of such alleged omissions on the part of juvenile court.
 II
The second assertion of error is that the trial judge at nisi prius erred in declining to quash the indictment because of improper "waiver of counsel and of a preliminary hearing."
We think the record discloses that defendant, when he appeared in district court for a preliminary trial, did not have counsel and that he waived such hearing and thereupon was bound over to the action of a grand jury which, within a short while, returned an indictment.
We conclude that the waiver of a preliminary hearing was a nullity. Fletcher v. State, 52 Ala. App. 303, 291 So.2d 757 (1).
Appellant's motion to quash the indictment because he was not represented by counsel when he undertook to waive a preliminary hearing is without merit. Because the waiver was without legal efficacy, the magistrate did not lose jurisdiction of the case.Ex parte Simpson, 3 Ala. App. 222, 57 So. 518; Fletcher, supra. *Page 315 
Defendant could have "invoked appropriate legal procedure to obtain a hearing within the time and manner required by law, or, failing, that he be released from prosecution" in the district court. Fletcher, supra.
The defendant, as we observe, suffered no injury while the complaint against him lay dormant and inactive in the district court. In the absence of injury, we do not think that he can here complain. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999,26 L.Ed.2d 387; Fletcher, supra. The trial court properly overruled the motion to quash the indictment as here asserted.
 III
A third contention is that the trial court erred in failing to grant a mental examination and a continuance of the trial.
We will not hold the trial court in error for overruling the motion.
The movant assumed the burden of proof on this issue.Miniefield v. State, 47 Ala. App. 699, 260 So.2d 607 (4). Defendant has no right to receive a mental examination as to his sanity whenever he requests one, and absent such a right, trial court is screening agent as to such request. Pace v.State, 284 Ala. 585, 226 So.2d 645 (3); Robinson v. State, Ala.Cr.App., 337 So.2d 1382 (5). Defendant's testimony in camera and at nisi prius on the merits fails to show any signs of insanity. His evidence shows him to have been quite alert. The adverse ruling of the court on the motion, supra, was free of error.
The judgment is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.