DeCARLO, Judge.
Assault in the first degree; twenty years.
The appellant was charged with shooting Marion Dale, a woman with whom he had been living for approximately two years. As a result of the wound in her abdomen, she remained in the hospital for approximately one hundred days and required surgery eleven times, including a colostomy.
According to Ms. Dale, the shooting occurred when she came home after work on April 15, 1980, and had an argument with appellant over who had brought her home. Ms. Dale testified that she went upstairs to her bedroom to change clothes, and when she returned, the appellant was standing at the foot of the stairs. He pointed a gun at her and fired. The appellant testified that he was asleep when the victim came home, and after she went upstairs, she returned with a pistol. He said that a struggle occurred during his attempt to take the gun away from her and she was shot. After the shooting, the appellant called the paramedics and was later taken into custody by the police.
I
In our examination of the record, we have been unable to determine the circumstances surrounding the appellant’s waiver of his preliminary hearing without his counsel’s being present. We therefore remand this cause to the circuit court for a hearing to determine that issue. Seibold v. State, 287 Ala. 549, 253 So.2d 302 (1970); see Allums v. State, Ala.Cr.App., 368 So.2d 313 (1979); Fletcher v. State, 52 Ala.App. 303, 291 So.2d 757 (1973).
We direct the trial court to conduct a hearing with the appellant and his counsel present, to determine what the circumstances were surrounding the appellant’s waiver of his preliminary hearing, whether counsel, who had been previously appointed, had advised him to waive, and whether he was prejudiced by the lack of a preliminary hearing.
The trial court is further instructed that the hearing be held as soon as possible, that a full record be made, together with the court’s determination of the above issues, and that a transcript of the proceedings under the seal of the clerk be forwarded to this court for review.
REMANDED WITH DIRECTIONS.
All the Judges concur.
*139 1